IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH BABIN, KEVIN BURGE, JOSHUA DISMUKES, and BARBARA TATE; <br><br> Plaintiffs <br><br> v. <br><br> THE PARISH OF PLAQUEMINES; <br><br> Defendant. | Civil Action No. _____ <br><br> COMPLAINT AND <br> JURY TRIAL DEMAND <br><br> COLLECTIVE ACTION |

Plaintiffs Keith Babin, Kevin Burge, Joshua Dismukes, and Barbara Tate, through undersigned counsel, hereby allege as follows:

## INTRODUCTION

1. This is a lawsuit for unpaid overtime. The four named Plaintiffs, along with several co-workers, are paramedics or emergency medical technicians for the Parish of Plaquemines. They work seven-day shifts, during which they are on-call 24 hours a day, 7 days a week – 168 hours. Despite this fact, they are only paid for 132 hours of work a week. Moreover, Plaintiffs are never paid any time-and-a-half overtime premium as required by federal law. The Parish's failure to pay mandatory overtime premium violates the Fair Labor Standards Act, and Plaintiffs seek certification of a collective action and recovery of their unpaid wages, statutory penalties, and attorneys' fees and costs.

## THE PARTIES

2. Keith Babin is an individual of the full age of majority and a citizen of the state of Louisiana.

3. Kevin Burge is an individual of the full age of majority and a citizen of the state of Louisiana.

4. Joshua Dismukes is an individual of the full age of majority and a citizen of the state of Louisiana.

5. Barbara Tate is an individual of the full age of majority and a citizen of the state of Louisiana.

6. Defendant is the Parish of Plaquemines which, at all relevant times, employed the four Plaintiffs in this action as set forth below.

## JURISDICTION AND VENUE

7. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Defendant is a Parish within this District. 28 U.S.C. § 98(a). A substantial part of the events or omissions giving rise to this claim occurred within this District. Venue is therefore proper in this Court. 28 U.S.C. § 1391.

9. Defendant is a political subdivision of the state of Louisiana, and is therefore an employer covered by the FLSA. 29 U.S.C. §§ 203(d) and 203(e)(2)(C).

## FACTUAL ALLEGATIONS

10. Plaintiffs all work for the Parish of Plaquemines as paramedics or emergency medical technicians ("EMT").

11. Because Plaquemines is a rural parish, it has difficulty staffing its paramedic force using solely residents of the Parish. Each of the four Plaintiffs maintains a primary residence outside Plaquemines Parish, and travels to Plaquemines Parish only to work.

12. Each Plaintiff works seven days on, seven days off.

13. During their seven-day work shifts, each Plaintiff remains on-call, twenty-four

hours a day, seven days a week, and must be ready to respond to an emergency call on short notice.

14. Because the Plaintiffs do not regularly reside within Plaquemines Parish, they are required to stay in Parish-provided housing while they are on call.

15. Babin, Burge, and Dismukes reside in a FEMA trailer, provided by the Parish, during their seven-day work shifts.

16. Tate resides at the Plaquemines Parish fire house during her seven-day work shift.

17. The Plaintiffs are required to remain on premises for the vast majority of their seven-day work shift. They are not permitted to leave the premises other than to take short trips to a nearby grocery store approximately twice a week, and occasional trips to a nearby marina for food. Even so, they are subject to respond to a call at any time.

18. Upon receiving a call for assistance, Plaintiffs are expected to be in their ambulance and on the road within no more than six minutes.

19. The Plaintiffs are not allowed to bring overnight guests, including family members, to their Parish-provided housing.

20. Plaintiffs' time is not their own, and their freedom of activity is heavily restricted during their seven-day work shifts.

21. Plaintiffs do not perform any work related to fire suppression, and are not trained in fire suppression. They are solely trained to work, and do work, as paramedics or emergency medical technicians.

22. When Plaintiffs are called to respond to an emergency during their normal sleeping hours, they receive an additional payment, which the Parish calls "straight overtime." However, this "straight overtime" is paid at the Plaintiffs' normal hourly cash pay rate, and no

overtime premium is paid.

23. Section 6.1 of the Plaquemines Parish Civil Service Commission Rules for Classified Service states as follows, with respect to overtime payment:

> Overtime compensation shall be paid at a rate of one-and-one-half (1 ½) times the regular hourly compensation for actual hours worked in excess of forty (40) hours in any one work week. There shall be no pyramiding of overtime hours in computing overtime pay.

24. Section 6.6 of the Plaquemines Parish Civil Service Commission Rules for Classified Service further states, specifically regarding paramedics/EMTs:

> EMT classifications are considered on-call twenty-four (24) hours per day for regular on-duty days and are paid for eighteen (18) hours per on-duty day with six (6) hours down time for sleeping and meals. On shift change days, the pay is for all hours on-duty.

## COLLECTIVE ACTION CLAIMS

26. Plaintiffs bring this complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all other current and former similarly situated employees who worked for Defendant within three years prior to the date of filing this lawsuit.

27. Other paramedic or EMTs working for the Parish are likewise expected to, and do, work more than 40 hours per week without payment of time-and-a-half overtime premium.

28. The FLSA collective is defined as:

> All individuals employed by Plaquemines Parish as paramedics or emergency medical technicians at any time between August 3, 2015 to the date of judgment in this action, and who were not compensated at one and one-half times their regular hourly rate for work performed in excess of forty (40) hours a workweek.

29. Defendant's failure to pay statutorily mandated overtime pay to the members of

the collective constitutes a common practice, policy, or plan to deny overtime in violation of the FLSA.

30. Plaintiffs and the remaining members of the collective are similarly situated, as they are all paid under the same pay plan whereby no overtime premiums are paid, no matter how many hours are worked in a workweek.

31. Plaintiffs request that, at the soonest practicable time, the Court order that notice be given to the remaining members of the collective so that they may exercise their right to opt in to this action.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME (29 U.S.C. § 207)

32. Plaintiffs hereby reallege and reincorporates paragraphs 1-31.

33. The FLSA requires that employers pay nonexempt employees an overtime premium, at a rate of at least one and one-half times their statutory regular rate, for all hours over forty in a workweek.

34. Defendant has never paid Plaintiffs, or the members of the collective, overtime premiums for hours worked over forty in a workweek. Instead, all overtime hours are paid at what Defendant calls the "straight time" rate.

35. Plaintiffs are entitled to payment of overtime premium for all hours over forty in a workweek, including both on-call time and so-called "straight overtime" hours.

36. It is Defendant's stated policy not to pay overtime premiums to members of the collective, and instead to pay them at the same rate for all hours worked during the workweek.

37. Defendant had actual and constructive knowledge that Plaintiffs and the remaining members of the collective were regularly working more than 40 hours in a week.

38. Defendant's nonpayment of overtime was willful and not based in a good faith belief that this conduct was in accordance with the law.

39. Plaintiffs hereby request a trial by jury.

**WHEREFORE**, Plaintiffs and the members of the collective respectfully pray for judgment as follows:

    a.    That this case be allowed to proceed as a collective action;

    b.    For an award of all unpaid wages and overtime according to proof;

    c.    For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

    d.    For an award of reasonable attorney's fees;

    e.    For costs of suit;

    f.    For injunctive and equitable relief as provided by law;

    g.    For pre and post-judgment interest; and

    h.    For such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ *Charles J. Stiegler*
Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite #104
New Orleans, La. 70124
Tel:   (504) 267-0777
Fax:  (504) 513-3084
Charles@StieglerLawFirm.com

and

Joseph G. Kopfler (TA)
Kopfler & Hermann, Attorneys at Law
7910 Main Street, Suite #400

        Houma, La. 70360
        Tel:   (985) 805-8089
        Fax:  (985) 851-4521
        Joe@KopflerHermann.com

*Attorneys for Plaintiffs and the Members of the Collective*