# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH BABIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7378-WBV-DMD** |
| **PLAQUEMINES PARISH** | **SECTION: D (3)** |

## ORDER AND REASONS

Before the Court is The Parish of Plaquemines' Motion For Judgment on the Pleadings as to Plaintiffs Keith Babin and Joshua Dismukes.[1] The Motion is opposed[2] and the Parish of Plaquemines has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves claims for unpaid overtime compensation. Plaintiffs, Keith Babin, Kevin Burge, Joshua Dismukes and Barbara Tate, are paramedics or emergency medical technicians for the Parish of Plaquemines (hereinafter, "Defendant"), who allege that the Defendant failed to pay them mandatory overtime compensation as required under the Fair Labor Standards Act ("FLSA").[4] Babin, Burge, Dismukes and Tate allege that they are only paid for 132 hours of work a

---

[1] R. Doc. 14.
[2] R. Doc. 22.
[3] R. Doc. 25.
[4] R. Doc. 1.

week, even though they work seven-day shifts, during which they are on-call 24 hours a day for a total of 168 hours.[5] They also claim that they are never paid any time-and-a-half overtime premium, as required by federal law. As a result, Babin, Burge, Dismukes and Tate filed the instant action on August 3, 2018, seeking recovery of their unpaid wages and overtime, statutory penalties, injunctive relief, attorney's fees and costs.[6]

On April 22, 2019, Defendant filed the instant Motion For Judgment on the Pleadings as to Plaintiffs Keith Babin and Joshua Dismukes, asserting that Babin and Dismukes (hereinafter, "Plaintiffs") are judicially estopped from pursuing their FLSA claims because they did not disclose this lawsuit during their respective bankruptcy proceedings.[7] Defendant argues that Plaintiffs' claims should, therefore, be dismissed with prejudice, with all costs and expenses assessed to Plaintiffs. Defendant attached records from the Plaintiffs' bankruptcy proceedings in support of its Motion.[8] As Defendant correctly points out, the Court may take judicial notice of the bankruptcy records within the framework of Fed. R. Civ. P. 12(c).[9]

---

[5] *Id*. at p. 1.
[6] *Id*. at pp. 1 & 6.
[7] R. Doc. 14.
[8] *See*, R. Doc. 14-1 at pp. 17-131.
[9] *See*, *Cargo v. Kansas City Southern Ry. Co.*, 408 B.R. 631, 640 n.1 (W.D. La. 2009) ("The parties do not appear to dispute that this Court may take judicial notice of the Plaintiffs' bankruptcy proceedings. *See* Fed. R. Evid. 201(b)(2); *Patterson v. Mobil Oil Co.*, 335 F.3d 476, 481 n.1 (5th Cir. 2003). Certain findings of fact are drawn from this Court's review of the docket sheets and transcripts drawn from the individual Plaintiff-Debtor's bankruptcy proceedings."); *United States ex rel. Long v. GSD & M Idea City LLC*, Civ. A. No. 3:11-cv-1154-O, 2014 WL 11321670, at *3 (N.D. Tex. Aug. 8, 2014) ("The only matters outside the pleadings that the Court considered in determining GSD & M's [Rule 12(c)] motion were the materials that the Court took judicial notice of: Relator's Chapter 13 Bankruptcy Petition, Trustee's Final Report and Account, and Relator's Chapter 13 Plan.").

According to the parties, Keith Babin filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Louisiana on June 3, 2015.[10] In the bankruptcy proceeding, Babin represented in his Schedule B that he had no contingent or unliquidated claims of any nature.[11] Relying upon the information in his bankruptcy pleadings, the bankruptcy court confirmed Babin's Chapter 13 plan on August 19, 2015.[12] It is undisputed that, as of the date of the instant Motion, Babin's bankruptcy case was still pending and Babin had not amended his Chapter 13 bankruptcy pleadings to disclose this pending lawsuit, which was filed on August 3, 2018.[13] The bankruptcy records submitted by Defendant show that Babin's bankruptcy proceeding was still pending as of April 3, 2019.[14]

The parties further assert that Joshua Dismukes filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Louisiana on September 4, 2015.[15] Like Babin, Defendant asserts that Dismukes represented in his Schedule B that he had no contingent or unliquidated claims of any nature.[16] Relying upon the information in his bankruptcy pleadings, the bankruptcy court confirmed Dismukes' Chapter 13 plan on November 4, 2015.[17] It is undisputed that although Dismukes' bankruptcy proceeding was still pending when this case was filed, Dismukes never amended his Chapter 13 bankruptcy pleadings

---

[10] R. Doc. 14-1 at p. 2; R. Doc. 22 at p. 5.
[11] R. Doc. 14-1 at p. 2 (*citing* R. Doc. 14-1 at pp. 28-29, item nos. 21 & 35).
[12] *Id.* at p. 74.
[13] R. Doc. 14-1 at p. 3; R. Doc. 22 at pp. 3, 5.
[14] R. Doc. 14-1 at p. 22.
[15] *Id.* at p. 3; R. Doc. 22 at p. 3.
[16] R. Doc. 14-1 at p. 3 (*citing* R. Doc. 14-1 at pp. 94-95, item nos. 21 & 35).
[17] *Id.* at p. 131.

to disclose his interests in this case.[18] Dismukes' bankruptcy proceeding was dismissed on October 18, 2018, over two months *after* the instant action was filed.[19]

Plaintiffs admit that they never disclosed their potential FLSA claims in their bankruptcy proceedings.[20] However, Plaintiffs argue that the equitable principles of judicial estoppel do not apply here, where there is no evidence of wrongful intent and the Plaintiffs did not gain any benefit from nondisclosure of their claims.[21] Alternatively, Plaintiffs assert that if they are judicially estopped from asserting their FLSA claims, the Court should allow the trustees to pursue the claims for the benefit of the creditors.[22] Finally, Plaintiffs assert that if the Court grants the instant Motion, any relief should be retroactive, barring only those claims that arose on or before the date that Dismukes' bankruptcy proceeding was dismissed and those claims that arose on or before the date that Babin eventually amends his bankruptcy pleadings to add these claims.[23] Plaintiffs assert that this temporal limitation to any grant of judicial estoppel is justified because the alleged wrongful actions are continuing in nature, such that Plaintiffs "could not possibly have disclosed their *future* claims – which continue to this day, and will continue until they either stop working for the Parish, or obtain a judgment in their favor."[24]

---

[18] *Id.* at p. 4; R. Doc. 22 at pp. 4-5.
[19] R. Doc. 14-1 at p. 88.
[20] R. Doc. 22 at p. 3.
[21] *Id.*
[22] *Id.* at p. 8. Plaintiffs attached to their Opposition brief a letter dated May 21, 2019, sent from S.J. Beaulieu, Jr., the Chapter 13 trustee for Babin's bankruptcy case, to Plaintiffs' counsel, which provides that any proceeds from the instant lawsuit must be submitted to the Trustee. R. Doc. 22-1.
[23] R. Doc. 22 at pp. 8-10.
[24] *Id.* at pp. 8-9 (emphasis in original).

In response, Defendant argues that Plaintiffs failed to substantively address any of its arguments, and that Plaintiffs do not contest that the first two elements of judicial estoppel are met in this case.[25] Defendant maintains that Plaintiffs' nondisclosure was not inadvertent because Plaintiffs concede in their Opposition brief that they knew of the facts underlying their FLSA claims during the pendency of their bankruptcy proceedings, admitting that they filed this suit over two months before the dismissal of Dismukes' bankruptcy proceeding.[26] Defendant asserts that despite this actual knowledge and the filing of the instant suit, Plaintiffs remained silent until *Defendant* brought the issue to the attention of the Court.[27] Defendant argues that Plaintiffs failed to rebut the inference of a motive to conceal their FLSA claims, and further assert that Plaintiffs had a motive to conceal because their claims, if disclosed, would be available to their creditors.[28] Relying upon Fifth Circuit precedent, Defendant asserts that Plaintiffs' failure to realize an actual benefit or advantage from nondisclosure of their claims is irrelevant.[29] Finally, Defendant asserts that Plaintiffs' appeal to equity is misplaced and that Plaintiffs lack standing to pursue their FLSA claims, which are the property of the bankruptcy estate.[30] Should the Court find that the trustees are the proper parties of interest in this case, Defendant urges the Court to allow the trustees to pursue the claims in bankruptcy

---

[25] R. Doc. 25 at pp. 1-3.
[26] *Id.* at pp. 3-4.
[27] *Id.* at p. 4 (*citing* R. Doc. 22 at pp. 3-5).
[28] R. Doc. 25 at pp. 6-7.
[29] *Id.* at p. 7 (citing *In re Flugence*, 738 F.3d 126, 131 (5th Cir. 2013)).
[30] R. Doc. 25 at pp. 7-8.

court for the benefit of Plaintiffs' creditors by giving the trustees seven days to file a notice of intent to pursue the claims.[31]

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).[32] "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."[33] "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'"[34] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35] The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[36]

### B. Judicial Estoppel

Defendant argues that Plaintiffs are judicially estopped from pursuing this action because they failed to disclose their FLSA claims for unpaid overtime wages to the bankruptcy courts in their respective bankruptcy proceedings. "The doctrine of

---

[31] *Id.* at pp. 8-9.
[32] *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[33] *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010).
[34] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).
[35] *Gentilello*, 627 F.3d at 544 (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).
[36] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding."[37] "In this way, the doctrine 'protect[s] the integrity of the judicial process.'"[38] "Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."[39] "[A]gainst the backdrop of the bankruptcy system . . . judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system . . . ."[40]

Judicial estoppel requires proof of the following three elements: (1) the party against whom estoppel is sought has asserted a position plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.[41] The first element is met when the debtor-plaintiff fails to disclose a potential legal claim in bankruptcy and subsequently pursues that claim.[42] The second element is met where the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.[43] Finally, to

---

[37] *Fornesa v. Fifth Third Mortgage Company*, 897 F.3d 624, 627 (5th Cir. 2018) (quoting *Love v. Tyson Foods Inc.*, 677 F.3d 258, 261 (5th Cir. 2012)) (internal quotation marks omitted).
[38] *Fornesa*, 897 F.3d at 627 (quoting *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015)).
[39] *Fornesa*, 897 F.3d at 627 (quoting *Love*, 677 F.3d at 261-62); *See, In re Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 16-2740, 2018 WL 5016219, at *3 (E.D. La. Oct. 15, 2018).
[40] *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015) (quoting *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011)) (internal quotation marks omitted).
[41] *Fornesa*, 897 F.3d at 627 (citations omitted).
[42] *United States v. Tangipahoa Parish School Board*, Civ. A. No. 12-2202, 2017 WL 4049596, at *3 (E.D. La. Sept. 13, 2017) (citing *Allen*, 813 F.3d 566; *In re Flugence*, 738 F.3d 126 (5th Cir. 2013)).
[43] *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999)) (internal quotation marks omitted).

establish a defense of inadvertence, a party must prove *either*: (1) that he or she did not know about the inconsistency; or (2) that he or she lacked a motive for concealment.[44]

**III. ANALYSIS**

**A. Plaintiffs' Positions in This Case Are Clearly Inconsistent With Their Prior Positions.**

In the Fifth Circuit, "It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*."[45] Under the Bankruptcy Code, substantially all of a debtor's existing assets, including pending and potential claims, vest in the bankruptcy estate upon the filing of a voluntary bankruptcy petition.[46] "In a Chapter 13 bankruptcy, the bankruptcy estate encompasses legal claims and causes of action that accrue after the commencement of the [bankruptcy] case but before the case is closed, dismissed, or converted to a Chapter 7, 11, or 12 bankruptcy proceeding."[47] Thus, a debtor is under a continuing duty to promptly disclose the existence of all such claims to the bankruptcy court.[48] This duty continues to apply even after the bankruptcy court has confirmed a bankruptcy

---

[44] *In re Taxotere*, 2018 WL 5016219, at *4 (citing *Fornesa*, 897 F.3d at 628).
[45] *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999) (*citing* 11 U.S.C. § 521(1) ("The debtor shall-(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs.")) (emphasis in original).
[46] *Brunet v. Senior Home Care*, Civ. A. No. 14-2519, 2015 WL 500901, at *5 (E.D. La. Feb. 5, 2015) (citing *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008)); *Lejeune v. Turner Industries Group, LLC*, Civ. A. No. 11-1238, 2012 WL 1118631, at *3 (E.D. La. Apr. 3, 2012) (same).
[47] *Brunet*, 2015 WL 500901, at *5 (*quoting* 11 U.S.C. §§ 1306(a)(1) & 541(a)(1)); *Lejeune*, 2012 WL 1118631, at *3 (E.D. La. Apr. 3, 2012).
[48] *Brunet*, 2015 WL 500901, at *5 (citing *Kane*, 535 F.3d at 384-85; *In re Coastal Plains, Inc.*, 179 F.3d at 207-08; *See, In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) ("The duty to disclose is continuous.") (citing *Coastal Plains*, 179 F.3d at 207-08).

plan.⁴⁹  According to the Fifth Circuit, the "importance of this disclosure duty cannot be overemphasized."⁵⁰  "Failing to disclose a claim impliedly represents to the bankruptcy court that the debtor's financial status remained unchanged, and this representation is plainly inconsistent with a subsequent assertion of the undisclosed claim."⁵¹

Here, the undisputed evidence shows that Plaintiffs assumed inconsistent positions by failing to disclose their FLSA claims to the bankruptcy courts.  The parties agree that Babin filed his bankruptcy petition on June 3, 2015,⁵² and that Dismukes filed his bankruptcy petition on September 4, 2015.⁵³  Plaintiffs did not file the instant lawsuit until August 3, 2018,⁵⁴ while *both* bankruptcy cases were still pending. ⁵⁵  Although Plaintiffs do not readily admit this fact, they clearly acknowledge that Dismukes' bankruptcy case was not dismissed until October 18, 2019, over two months after this case was filed,⁵⁶ and that the trustee in Babin's bankruptcy case did not file a motion to dismiss until February 22, 2019.⁵⁷  Further, it is undisputed in this case that Plaintiffs never disclosed this lawsuit as an asset in their bankruptcy proceedings. ⁵⁸  Under clear Fifth Circuit precedent, the first

---

⁴⁹ *Brunet*, 2015 WL 500901, at *5 (citing *Gilbreath v. Averitt Exp., Inc.,* Civ. A. No. 09-1922, 2010 WL 4554090, at *7 (W.D. La. Nov. 3, 2010); *Wright v. Sears Roebuck & Co.*, Civ. A. No. 09-1498, 2010 WL 6032803, at *3 (W.D. La. Oct. 19, 2010)).
⁵⁰ *Brunet*, 2015 WL 500901, at *5 (quoting *In re Coastal Plains, Inc.*, 179 F.3d at 208).
⁵¹ *In re Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 16-2740, 2018 WL 5016219, at *3 (E.D. La. Oct. 15, 2018) (citing *Fornesa v. Fifth Third Mortgage Company*, 897 F.3d 624, 628 (5th Cir. 2018)).
⁵² R. Doc. 14-1 at p. 2; R. Doc. 22 at p. 5.
⁵³ R. Doc. 14-1 at p. 3; R. Doc. 22 at p. 3.
⁵⁴ R. Doc. 1.
⁵⁵ *See*, R. Doc. 1; R. Doc. 14-1 at pp. 17-23 & 75-89.
⁵⁶ R. Doc. 22 at pp. 3-4.
⁵⁷ *Id*. at p. 5.
⁵⁸ R. Doc. 14-1 at pp. 1-4; R. Doc. 22 at pp. 3-5.

element of judicial estoppel is satisfied where, as here, a party failed to amend a bankruptcy petition to disclose a claim he or she pursued after filing the petition.[59]

Plaintiffs assert that because Dismukes' bankruptcy case was nearing dismissal when this lawsuit was filed on August 3, 2018, "it would have been a meaningless act to amend his schedules . . . ."[60] As for Babin, Plaintiffs claim that if the pending motion to dismiss filed in his bankruptcy proceeding is denied, "Babin intends to promptly amend the bankruptcy schedules to reflect this action."[61] The Court rejects Plaintiffs' baseless and stale assertions, which blatantly ignore the fact that, "It is well-established in the Fifth Circuit that Chapter 13 debtors have a continuing obligation to amend financial schedules to disclose assets acquired."[62] Plaintiffs were clearly aware of this continuing obligation, evidenced by the fact that Babin filed his 2017 tax documents with the bankruptcy court on August 3, 2018, the same day the Complaint was filed in this case.[63] Likewise, Dismukes filed a motion to reconsider the bankruptcy court's decision granting his mortgage servicer's motion for relief from the stay on August 15, 2018, shortly after filing this lawsuit.[64]

Even more compelling here, the Order Confirming Chapter 13 Plan, issued in each of the Plaintiffs' bankruptcy cases, explicitly requires that, "The debtor(s) *shall*

---

[59] *In re Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 16-2740, 2018 WL 5016219, at *3 (E.D. La. Oct. 15, 2018) (citing *Fornesa v. Fifth Third Mortgage Company*, 897 F.3d 624, 628 (5th Cir. 2018)).
[60] R. Doc. 22 at p. 4.
[61] *Id*. at p. 5.
[62] *Fornesa*, 897 F.3d at 628; *See, Allen v. C & H Distributors, L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (quoting *Flugence v. Axis Surplus Ins. Co. (In re Flugence)*, 738 F.3d 126, 129 (5th Cir. 2013)).
[63] R. Doc. 14-1 at p. 21.
[64] R. Doc. 14-1 at p. 87.

provide to the Trustee, at lease once every six months until the case is closed, a report on the status of any *pending or potential lawsuit in which the debtor(s) is or may be a plaintiff.*"[65] Neither plaintiff Babin nor plaintiff Dismukes dispute this continuing obligation.

Plaintiffs' failure to fulfill their Chapter 13 duties by promptly amending their asset schedules to disclose their FLSA claims "impliedly represented" to the bankruptcy court that their financial status' were unchanged.[66] Under clear Fifth Circuit precedent, this was plainly inconsistent with Plaintiffs' subsequent assertions of their undisclosed FLSA claims.[67]

**B. The Bankruptcy Court Accepted Plaintiffs' Inconsistent Positions.**

The second element of judicial estoppel, whether a court accepted the Plaintiffs' prior position, is also met. Judicial acceptance only requires "that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition."[68] In the Fifth Circuit, it is well-settled that the second element is satisfied where a bankruptcy court has confirmed a debtor's bankruptcy plan in reliance on the veracity of his asset schedules.[69] Here, the bankruptcy courts accepted both Plaintiffs' prior inconsistent statements by confirming their respective bankruptcy plans.[70] The fact that the bankruptcy court subsequently dismissed

---

[65] R. Doc. 14-1 at pp. 74, 131 (emphasis in original).
[66] *Fornesa*, 897 F.3d at 628 (citing *In re Flugence*, 738 F.3d at 129).
[67] *Fornesa*, 897 F.3d at 628; *See, In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004).
[68] *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999)) (internal quotation marks omitted).
[69] *Brunet v. Senior Home Care*, Civ. A. No. 14-2519, 2015 WL 500901, at *6 (E.D. La. Feb. 5, 2015) (citing *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)); *Lejeune v. Turner Industries Group, LLC*, Civ. A. No. 11-1238, 2012 WL 1118631, at *4 (E.D. La. Apr. 3, 2012) (citing *Jethroe*, 412 F.3d at 600).
[70] *See, Brunet*, 2015 WL 500901, at *6.

Dismukes' bankruptcy action does not negate the bankruptcy court's acceptance of the inconsistent statements, since "a dismissal does not erase all history."[71]

### C. Plaintiffs' Non-Disclosure Was Not Inadvertent.

Finally, the record conclusively shows that Plaintiffs did not act inadvertently in failing to disclose their FLSA claims in their respective bankruptcy proceedings. Plaintiffs clearly had knowledge of the facts giving rise to their undisclosed FLSA claims, as they filed this suit during the pendency of their bankruptcy proceedings. After filing their Complaint in this case on August 3, 2018, Plaintiffs remained silent with respect to Dismukes' FLSA claims for two months until his bankruptcy proceeding was dismissed over two months later, on October 18, 2018. More alarmingly, however, Plaintiffs *have remained silent to this day* with respect to Babin's FLSA claims even though Babin's bankruptcy proceeding remains pending.[72] In their Opposition brief, Plaintiffs assert that the trustee filed a motion to dismiss Babin's bankruptcy proceeding on February 22, 2019, which was set for hearing on May 22, 2019, and that, "In the event that the Motion to Dismiss is denied, Babin intends to promptly amend the bankruptcy schedules to reflect this action."[73] In light of these representations, the record conclusively shows that Plaintiffs did not lack knowledge of the facts giving rise to their undisclosed FLSA claims. Plaintiffs have

---

[71] *Brunet*, 2015 WL 500901, at *6 (footnote omitted); *See*, *In re Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 16-2740, 2018 WL 5016219, at *1, 4 (E.D. La. Oct. 15, 2018) (finding the second element of judicial estoppel met where the plaintiff's bankruptcy proceeding was closed while the civil lawsuit was pending).
[72] *See*, R. Doc. 14-1 at pp. 17-23.
[73] R. Doc. 22 at p. 5.

failed to provide any evidence whatsoever to support a claim that the non-disclosure was inadvertent and the facts support the contrary conclusion.

Plaintiffs also had the requisite motivation to conceal their claims, "as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors."[74] According to the Fifth Circuit, "Such a result would permit debtors to '[c]onceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights.'"[75] Moreover, the Fifth Circuit has held that a motive to conceal is "self-evident" when a debtor fails to disclose an asset to the bankruptcy court due to the "potential financial benefit resulting from the nondisclosure."[76] Because Plaintiffs failed to disclose their FLSA claims, as well as their pending lawsuit regarding these claims, in their respective bankruptcy proceedings, the third element of judicial estoppel is met in this case. Accordingly, Plaintiffs are estopped from asserting their previously undisclosed claims.

While judicial estoppel bars Plaintiffs from pursuing their FLSA claims, the Fifth Circuit has held that, "judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate."[77] Thus,

---

[74] *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004); *See, In re Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 16-2740, 2018 WL 5016219, at *5 (E.D. La. Oct. 15, 2018) (citing *Superior Crewboats, supra*).
[75] *Superior Crewboats*, 374 F.3d at 336 (quoting *Payless Wholesale Ditrib., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993)).
[76] *Fornesa v. Fifth Third Mortgage Company*, 897 F.3d 624, 628 (5th Cir. 2018) (quoting *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015)).
[77] *Allen*, 813 F.3d at 575 (quoting *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011)) (internal quotation marks omitted).

"where a debtor is judicially estopped from pursuing a claim he failed to disclose to the bankruptcy court, the trustee, consistent with *Reed*, may pursue the claim without any limitation not otherwise imposed by law."[78] According to the Fifth Circuit, "Such an approach protect[s] the integrity of the bankruptcy system by deterring debtors from concealing assets while also being consistent with the core bankruptcy goal of obtaining a maximum and equitable distribution for creditors."[79] The Court is persuaded that this remedy provides a just result.

Because Plaintiffs' FLSA claims would have been included as assets in their respective bankruptcy estates had they been disclosed to the bankruptcy courts, as required by law, the Court will grant the trustees thirty (30) days to pursue Plaintiffs' claims for the benefit of their respective bankruptcy estates.[80]

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant The Parish of Plaquemines' Motion for Judgment on the Pleadings as to Plaintiffs Keith Babin and

---

[78] *Allen*, 813 F.3d at 575 (quoting *Flugence v. Axis Surplus Ins. Co. (In re Flugence)*, 738 F.3d 126, 132 (5th Cir. 2013)) (internal quotation marks omitted).

[79] *Allen*, 813 F.3d at 575 (quoting *Reed*, 650 F.3d at 573) (internal quotation marks omitted).

[80] *See, Reed*, 650 F.3d at 573 ("We now affirm the judgment of the district court and state a general rule that, absent unusual circumstances, an innocent trustee can pursue for the benefit of creditors a judgment or cause of action that the debtor fails to disclose in bankruptcy."); *See also, U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 276 (5th Cir. 2015) (finding the district court did not abuse its discretion in concluding that plaintiff was judicially estopped from personally pursuing his claims and giving the bankruptcy trustee seven days to decide whether to continue pursuing the claims on behalf of the estate before dismissing the lawsuit).
 *In re Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 16-2740, 2018 WL 5016219, at *5-7 (E.D. La. Oct. 15, 2018) (finding plaintiff was estopped from pursuing her undisclosed claims, but giving the bankruptcy trustee 30 days to move to substitute himself into the litigation to pursue plaintiff's claims on behalf of the bankruptcy estate); *United States v. Tangipahoa Parish School Board*, Civ. A. No. 12-2202, 2017 WL 4049596, at *4 (E.D. La. Sept. 13, 2017) (finding plaintiff was judicially estopped from asserting his undisclosed claims, but giving the bankruptcy trustee 30 days to pursue their rights to the claims if plaintiff's bankruptcy case was reopened and converted to a Chapter 7 liquidation);

Joshua Dismukes [81] is **GRANTED** and the claims of Keith Babin and Joshua Dismukes are **DISMISSED** on the grounds of judicial estoppel. This dismissal is **WITHOUT PREJUDICE FOR THIRTY (30) DAYS** from the date of this Order to allow time for the bankruptcy trustees to move to substitute themselves into this litigation. If the respective trustees do not file a motion to substitute within 30 days of the date of this Order, the claims of Keith Babin and Joshua Dismukes will be **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, August 15, 2019.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[81] R. Doc. 14.