# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH BABIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7378-WBV-DMD** |
| **PLAQUEMINES PARISH** | **SECTION: "D" (3)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion For Summary Judgment, filed by the Parish of Plaquemines ("Defendant").[1] The Motion is opposed[2] and Defendant has filed a Reply.[3] For the reasons that follow, the Motion is **DENIED**.

## I. BACKGROUND

This case involves claims for unpaid overtime compensation. Plaintiffs, Keith Babin, Kevin Burge, Joshua Dismukes and Barbara Tate, are paramedics or emergency medical technicians for the Parish of Plaquemines, who allege that the Defendant failed to pay them mandatory overtime compensation as required under the Fair Labor Standards Act ("FLSA").[4] Plaintiffs allege that they are only paid for 132 hours of work per week, despite the fact that they work seven-day shifts, during which they are on-call 24 hours a day, seven days a week, for a total of 168 hours.[5] Plaintiffs also allege that they are never paid any time-and-a-half overtime premium,

---

[1] R. Doc. 40.
[2] R. Doc. 53.
[3] R. Doc. 59.
[4] R. Doc. 1.
[5] *Id.* at p. 1.

as required by federal law. Plaintiffs filed this action on August 3, 2018, seeking certification of a collective action, recovery of their unpaid wages and overtime, statutory penalties, injunctive relief, attorney's fees and costs.[6]

On July 3, 2019, Defendant filed the instant Motion For Summary Judgment, asserting that there are no genuine issues of material fact as to Plaintiffs' claims and that Defendant is entitled to judgment as a matter of law.[7] In response, Plaintiffs assert that the Motion for Summary Judgment should be denied because genuine issues of material fact exist regarding whether Plaintiffs are entitled to overtime pay for hours worked over 40 during their "on-call" shifts, including six daily hours of supposed "down time."[8]

## II.  LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[9] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[10] If the moving party carries its burden of proof under

---

[6] *Id.* at pp. 1 & 6.
[7] R. Doc. 40.
[8] R. Doc. 53.
[9] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[10] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[11] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[12] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[13]

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.[14] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[15]

In the instant case, it is clear that summary judgment is not proper, as genuine issues of material fact remain in dispute. Two of the most obvious material facts that the parties agree are in dispute, among others, are whether Plaintiffs received notice of Emergency Medical Services policies and procedures, including pay and overtime policies, allegedly established by the Defendant, and whether Plaintiffs' freedom was

---

[11] *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[13] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.
[14] *Little*, 37 F.3d at 1075.
[15] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

limited or restricted to a degree that they were "engaged to wait" rather than "waiting to be engaged," and entitled to payment for that time. These facts go to the crux of Plaintiffs' case, and cannot be ascertained on the material submitted. They remain material facts in dispute. For these reasons, Defendant's Motion for Summary Judgment must be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[16] is **DENIED.**

New Orleans, Louisiana, August 15, 2019.

                                                _____
                                                **WENDY B. VITTER**
                                                **United States District Judge**

---

[16] R. Doc. 40.