# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| KEITH BABIN, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-7378-WBV-DMD |
| PLAQUEMINES PARISH | SECTION: D (3) |

### ORDER AND REASONS

Before the Court is the Plaintiffs' Motion for Partial Summary Judgment as to Affirmative Defenses.[1] The Motion is opposed[2] and Plaintiffs have filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves claims for unpaid overtime compensation. Plaintiffs, Keith Babin, Kevin Burge, Joshua Dismukes and Barbara Tate, are paramedics or emergency medical technicians for the Parish of Plaquemines (hereinafter, "Defendant"), who allege that the Defendant failed to pay them mandatory overtime compensation as required under the Fair Labor Standards Act ("FLSA").[4] Plaintiffs allege that they are only paid for 132 hours of work a week, even though they work seven-day shifts, during which they are on-call 24 hours a day for a total of 168 hours.[5]

---

[1] R. Doc. 39.
[2] R. Doc. 47.
[3] R. Doc. 61.
[4] R. Doc. 1.
[5] *Id*. at p. 1.

They also claim that they are never paid any time-and-a-half overtime premium, as required by federal law. As a result, Plaintiffs filed the instant action on August 3, 2018, seeking recovery of their unpaid wages and overtime, statutory penalties, injunctive relief, attorney's fees and costs.[6]

On July 3, 2019, Plaintiffs filed the instant Motion For Partial Summary Judgment As To Affirmative Defenses, seeking to dismiss with prejudice the affirmative defenses of set-off, offset and/or credit and the *de minimis* doctrine, asserted by Defendant in its Answer.[7] Plaintiffs assert that the affirmative defenses of set-off, offset and/or credit should be stricken because the Fifth Circuit has clearly held that such defenses are inappropriate in an FLSA case.[8] Plaintiffs point out that district courts within this Circuit regularly dismiss an employer's claims and defenses asserting set-off or credit.[9] Plaintiffs acknowledge that the Fifth Circuit created a narrow exception to this rule in *Singer v. City of Waco*, finding that an employer may be entitled to a set-off where it prepays overtime obligations that it expects to occur in a later pay period.[10] Plaintiffs, however, assert that in two recent decisions, the Fifth Circuit emphasized the limited nature of the *Singer* exception,

---

[6] *Id.* at pp. 1 & 6.
[7] R. Doc. 39.
[8] R. Doc. 39-3 at pp. 3-4 (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974); *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010)).
[9] R. Doc. 39-3 at p. 4 (citing *Henderson v. Dat Dog Enterprises, LLC*, Civ. A. No. 17-17654, 2019 WL 158050 (E.D. La. Jan. 10, 2019); *Vizcaino v. Techcrete Contracting, Inc.*, Civ. A. No. A-13-CA-229-SS, 2014 WL 819449 (W.D. Tex. Mar. 3, 2014); *Jones v. JGC Dallas LLC*, Civ. A. No. 3:11-CV-2743-O, 2012 WL 4119570 (N.D. Tex. Aug. 17, 2012); *Mumphrey v. Credit Sols. Of Am., Inc.*, Civ. A. No. 3:09-CV-1208-M, 2010 WL 2216526 (N.D. Tex. June 1, 2010); *Phillips v. Trans Health Management, Inc.*, Civ. A. No. H-04-0458, 2004 WL 5842401 (S.D. Tex. Jul. 15, 2004)).
[10] R. Doc. 39-3 at p. 4 (citing *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003)).

wherein the set-offs represented overtime obligations already fulfilled.[11] Plaintiffs argue that *Singer* is inapplicable here because there is no evidence of any alleged overpayments by Defendant that could apply to "overtime obligations already fulfilled," nor is there any evidence that Defendant purposefully provided an advance or pre-payment of overtime wages to be earned in later pay periods.[12] As such, Plaintiffs argue that the affirmative defenses are barred under binding Fifth Circuit precedent. Alternatively, Plaintiffs argue that their Motion should be granted because Defendant has no evidence of any overpayments that could be used to set-off the unpaid wages and overtime alleged or evidence of any sums owed.[13]

Plaintiffs further argue that the Court should dismiss Defendant's affirmative defense based on the *de minimis* doctrine, which prevents employees from recovering under the FLSA for short periods of time that are "insubstantial and insignificant."[14] According to Plaintiffs, the Supreme Court has held that the *de minimis* doctrine applies to cases involving "only a few seconds or minutes of work beyond the scheduled working hours," which are beyond the purview of the FLSA.[15] Plaintiffs argue that the doctrine is inapplicable here, where Plaintiffs worked 168 hours per workweek, but were only paid for 132 hours per workweek, with no overtime premium. Plaintiffs allege that they are owed an overtime premium for 96 hours

---

[11] R. Doc. 39-3 at pp. 4-5 (citing *Gagnon*, 607 F.3d 1036; *Martin*, 628 F.3d 738).
[12] R. Doc. 39-3 at p. 5.
[13] *Id.*
[14] *Id.* at p. 6 (quoting *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 Fed.Appx. 448, 458 (5th Cir. 2009) (internal quotation marks omitted)).
[15] R. Doc. 39-3 at p. 6 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), *superseded by statute,* Portal–to–Portal Act, 61 Stat. 84 (codified as amended at 29 U.S.C. §§ 251-262) *as stated in Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 135 S.Ct. 513, 190 L.Ed.2d 410 (2014)).

during each workweek, and that they are entitled to an additional 36 hours of overtime wages per workweek for the six hours per day of supposed "down time," during which they remain on-call.[16] Thus, Plaintiffs assert this is not a *de minimis* claim and the Defendant's affirmative defense under the *de minimis* doctrine must be dismissed with prejudice.

Defendant opposes the Motion, asserting that Plaintiffs are paid for 18 hours per day per workweek, even though they often perform no actual work, but are waiting to be engaged.[17] Thus, Defendants argue that if any Plaintiff actually incurred overtime in a workweek, Defendant is entitled to an offset under the *Singer* exception for the hours paid for time in which the Plaintiff performed no actual work.[18] Defendant asserts that there is a factual dispute as to the actual hours worked by each Plaintiff and the extent to which each Plaintiff was paid for time in which he/she performed no compensatory work. Defendant argues that the *Singer* exception applies in this case because any such overpayment by Defendant would constitute a pre-payment of overtime pay under *Gagnon v. United Technisource, Inc.* and *Martin v. PepsiAmericas Inc.*[19] With respect to its *de minimis* defense, Defendant argues that because Plaintiffs were paid for time in which no work was performed, it is very likely that if any actual work exceeded 40 hours in a workweek, it was *de minimis*.[20] As such, Defendant asserts Plaintiffs' Motion should be denied because

---

[16] R. Doc. 39-3 at p. 6.
[17] R. Doc. 47 at p. 2.
[18] *Id.* (citing *Singer v. City of Waco*, 324 F.3d 813, 826-28 (5th Cir. 2003)).
[19] R. Doc. 47 at p. 2 (citing *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010); *Martin v. PepsicAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010)).
[20] R. Doc. 47 at pp. 2-3.

there are factual issues as to whether any overtime work performed would be *de minimis* or not.

In response, Plaintiffs assert that Defendant's Opposition brief is perfunctory at best, and fails to offer any real opposition to the law or facts set forth in Plaintiffs' Motion.[21] Although Defendant claims it is entitled to set-off because it prepaid overtime obligations like in *Singer* and Plaintiffs did not perform actual work 18 hours a day, Plaintiffs maintain that they were underpaid because they were not paid for six hours of on-call time each night. Plaintiffs claim that the *Singer* exception arose because the plaintiffs in that case were underpaid and then overpaid in alternating weeks due to the unique pay schedule involved. Plaintiffs argue that is not the case here, as Plaintiffs were either underpaid every week or they were not.[22] Plaintiffs assert that Defendant's Opposition brief misses the point of this affirmative defense, as set-off only applies if the Court finds that Plaintiffs have been underpaid in their overtime and wages. If that is the case, Plaintiffs argue Defendant's overpayment argument fails as a matter of law. In contrast, if Defendant prevails on the *prima facie* case, there are no damages to set-off or offset against. Plaintiffs also reiterate their arguments regarding Defendant's affirmative defense under the *de minimis* doctrine, asserting that they were unpaid or underpaid for thousands of on-call hours and not for a few seconds or minutes beyond the scheduled working hours.[23]

---

[21] R. Doc. 61.
[22] *Id.* at p. 2.
[23] *Id.*

## II. LEGAL STANDARD

### A. Summary Judgment Standard

Courts in this Circuit have held that partial summary judgment can be used to dispose of affirmative defenses.[24] Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[25] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[26] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[27] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[28] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient

---

[24] *See E.E.O.C. v. I-Sector Corp.*, Civ. A. No. 3:01-CV-2240-R, 2003 WL 29939, at *2 (N.D. Tex. Jan. 2, 2003); *Koch Industries v. United Gas Pipe Line Co.*, 700 F. Supp. 865, 867 (M.D. La. 1988); *See also Infante v. Samara Portfolio Management, LLC,* Civ. A. No. 1:14-CV-00324-MAC, 2017 WL 1102757, at *6 (E.D. Tex. Jan. 20, 2017); *Borcik v. Crosby Tugs, LLC*, Civ. A. No. 13-06212, 2015 WL 1525141, at *2, 4 (E.D. La. Apr. 2, 2015); *Resolution Trust Corp. v. International Ins. Co., Inc.*, Civ. A. No. 89-4020, 1992 WL 396860, at *1, 2 (E.D. La. Dec. 21, 1992).
[25] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[26] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.
[27] *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.
[28] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[29] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[30]

### III. ANALYSIS

#### A. Plaintiffs are entitled to summary judgment on Defendant's affirmative defenses of offset, set-off and/or credit.

"Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused."[31] Although Defendant raised the set-off issue as an affirmative defense in this case, the Fifth Circuit has applied the same analysis to both counterclaims and affirmative defenses in the context of FLSA claims.[32] In *Brennan v. Heard*, the Fifth Circuit held that both set-offs and counterclaims are inappropriate in cases brought to enforce the minimum wage and overtime provisions of the FLSA, emphasizing that, "The federal courts were not designated by the FLSA to be either collection agents or arbitrators

---

[29] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.
[30] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[31] *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740-41 (5th Cir. 2010) (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988); *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983)); *See Henderson v. Dat Dog Enterprises, LLC*, Civ. A. No. 17-17654, 2019 WL 158050, at *3 (E.D. La. Jan. 10, 2019) (same) (citing cases); *Vizcaino v. Techcrete Contracting, Inc.*, Civ. A. No. A-13-CA-229-SS, 2014 WL 819449, at *2 (W.D. Tex. Mar. 3, 2014) (same).
[32] *Martin*, 628 F.3d at 740, n.1 ("Pepsi raised the set-off issue as an affirmative defense rather than a counterclaim."); *See Vizcaino*, Civ. A. No. A-13-CA-229-SS, 2014 WL 819449, at *2, n.1 ("Defendants raise the set-off issue as an affirmative defense rather than a counterclaim, but courts have treated the two as the same. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 n.1 (5th Cir. 2010)).

for an employee's creditors."[33] Noting that, "The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors," and that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages," the Fifth Circuit observed that, "The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act."[34] The Fifth Circuit further found that, "Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor."[35]

Despite this clear directive, Defendant argues that its affirmative defenses against Plaintiffs are properly before the Court in this FLSA suit because they fall within the exception carved out by the Fifth Circuit in *Singer v. City of Waco*.[36] The Court disagrees. The Fifth Circuit in *Singer* allowed an employer sued under the FLSA to set-off certain wage overpayments against the employees' overall damages award.[37] The plaintiffs in *Singer* worked 120 hours in two 14-day periods and worked 96 hours in the third 14-day period until the cycle repeated itself, and plaintiffs were

---

[33] *Henderson*, Civ. A. No. 17-17654, 2019 WL 158050, at *4 (quoting *Heard*, 491 F.2d at 4 and citing *Martin*, 628 F.3d at 741) (internal quotation marks omitted).
[34] *Heard*, 491 F.2d at 4; *See Martin*, 628 F.3d at 741 (same).
[35] *Heard*, 491 F.2d at 4.
[36] 324 F.3d 813 (5th Cir. 2003).
[37] *Id*. at 827-28.

paid the same two-week salary every pay period.[38] The district court found that defendant's method for determining overtime pay in *Singer* resulted in small deficiencies ($6.60) in the work periods in which the plaintiffs worked 120 hours, but resulted in considerable overpayments ($126.20) in the work periods in which the plaintiffs worked 96 hours.[39] Consequently, the district court offset the overpayments made by the defendant in the 96-hour work periods against the shortfalls in the 120-hour work periods.[40] The Fifth Circuit found no error in the district court offsetting the overpayments made to the plaintiffs in some work periods against the shortfalls in other work periods.[41] The Fifth Circuit explained, "It seems more appropriate to view those overpayments as *pre*-payments: the City pre-paid the fire fighters to compensate them for the shortfalls they would receive in subsequent 120-hour work periods."[42] The Fifth Circuit reconciled its holdings in *Heard* and *Singer* by observing that, "the offsets permitted by the district court [in *Heard*] caused the final awards of many of the defendants' workers to drop below the statutory minimum."[43] In *Singer*, however, "no party contend[ed] that the offset might cause the fire fighters' wages to fall below the statutory minimum wage."[44]

More recently, however, the Fifth Circuit clarified that "*Heard*'s longstanding prohibition of set-offs in FLSA cases is the rule in this circuit and *Singer* an

---

[38] *Id.* at 817.
[39] *Id.* at 826.
[40] *Id.*
[41] *Id.* at 828.
[42] *Id.* (emphasis in original).
[43] *Martin*, 628 F.3d at 741 (quoting *Singer*, 324 F.3d at 828, n.9) (internal quotation marks omitted).
[44] *Martin*, 628 F.3d at 741 (quoting *Singer*, 324 F.3d at 828, n.9) (internal quotation marks omitted).

exception."[45] In *Gagnon v. United Technisource, Inc.*, the Fifth Circuit distinguished the set-off allowed in *Singer* as one that "occurred because the city had already paid a large portion of the back overtime pay due to the workers," and "simply acknowledged that the City *already paid* the bulk of its overtime obligations."[46] In contrast, the plaintiff in *Gagnon* was not paid "any additional sums that could be characterized as advanced or inappropriate amounts subject to an offset against the overtime owed to him," and as such, the Fifth Circuit found a set-off was inappropriate.[47] Thus, the *Gagnon* court clarified that it was the unique nature of the set-offs at issue in *Singer*, which represented overtime obligations already fulfilled, that allowed for a narrow exception to the rule set forth in *Heard*.[48] In *Martin v. PepsiAmericas, Inc.*, issued the same year as *Gagnon*, the Fifth Circuit further held that, "We continue to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee."[49]

Here, Defendant argues that to the extent any of the Plaintiffs worked overtime in a workweek, Defendant is entitled to a set-off under *Singer* for hours paid for time in which Plaintiffs did not perform any actual work.[50] Defendant contends that any such overpayment constitutes a pre-payment of overtime pay.[51] However,

---

[45] *Martin*, 628 F.3d at 742 (citing *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010)).
[46] *Gagnon*, 607 F.3d at 1043 (quoting *Singer*, 324 F.3d at 828) (internal quotation marks omitted) (emphasis in original).
[47] *Gagnon*, 607 F.3d at 1043.
[48] *Martin*, 628 F.3d at 742; *Henderson v. Dat Dog Enterprises, LLC*, Civ. A. No. 17-17654, 2019 WL 158050, at *4 (E.D. La. Jan. 10, 2019).
[49] *Martin*, 628 F.3d at 742.
[50] R. Doc. 47 at p. 2.
[51] *Id.*

there is no indication that Defendant overpaid Plaintiffs as part of an effort to pre-pay their overtime wages, which is required to trigger the *Singer* exception.[52] Instead, and as evidenced by the arguments in its Opposition brief, Defendant is asserting an affirmative defense based on an alleged overpayment of unearned wages.[53] The Court, therefore, finds that any purported "overpayments" made by Defendant to Plaintiff are factually distinguishable from the overpayments made in *Singer*. This case is also distinguishable from *Singer* because Plaintiffs assert that they worked seven-day shifts during which they remained on-call 24 hours a day, seven days a week, for a total of 168 hours, and that they were consistently paid for 132 hours per week at a regular rate.[54] Defendant does not contest that Plaintiffs were consistently paid for 132 hours per week at a regular rate. Thus, unlike in *Singer,* this case does not involve a unique pay schedule. As Plaintiffs argued in their Reply brief, Plaintiffs were either underpaid every week or they were not.[55] Defendant has not offered any evidence to show that it is entitled to a set-off or that the facts of this case fit within the parameters of *Singer*. Thus, the Court finds that the *Singer* exception is not applicable in this case.

Accordingly, the Court finds that Defendant's affirmative defenses of offset, set-off and/or credit are barred under binding Fifth Circuit precedent. Plaintiffs are, therefore, entitled to summary judgment on this issue.

---

[52] *Henderson*, Civ. A. No. 17-17654, 2019 WL 158050, at *4.
[53] R. Doc. 47 at p. 2.
[54] R. Doc. 39-3 at p. 1.
[55] R. Doc. 61 at p. 2

**B. Plaintiffs are entitled to summary judgment on Defendant's affirmative defense under the *de minimis* doctrine.**

The Court likewise finds that Plaintiffs are entitled to summary judgment with respect to the Defendant's affirmative defense under the *de minimis* doctrine. Under the FLSA, employees are not entitled to overtime compensation for theoretically compensable work when the time sought is negligible.[56] "As a general rule, employees cannot recover for otherwise compensable time if it is *de minimis*."[57] "The *de minimis* doctrine permits an employer, in recording work time, to disregard insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes."[58] This Court has previously recognized that, "Dismissal of a *de minimis* claim in a FLSA case may be appropriate '[w]hen the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours.'"[59]

Here, Plaintiffs assert that Defendant's affirmative defense under the *de minimis* doctrine must be dismissed because Plaintiffs are not seeking to recover wages for "insubstantial or insignificant" periods of time. Instead, Plaintiffs allege that they are owed overtime pay for 92 hours worked during each workweek, and that they are owed an additional 36 hours of overtime wages per workweek for their

---

[56] *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509 (E.D. Tex. 2005) (citing 328 U.S. 680, 684, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946); *Brock v. City of Cincinnati*, 236 F.3d 793, 804 (6th Cir. 2001); *Pressley v. Sanderson Farms, Inc.*, Civ. A. No. H-00-420, 2001 WL 850017, at *3 (S.D. Tex. Apr. 23, 2001)).
[57] *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692, 66 S.Ct. 1187, 1195, 90 L.Ed. 1515 (1946)).
[58] *Hesseltine*, 391 F. Supp. 2d at 518 (quoting *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1414 (5th Cir. 1990)) (internal quotation marks omitted).
[59] *Ebbs v. Orleans Parish School Bd.*, Civ. A. No. 04-1198, 2012 WL 5384924, at *4 (E.D. La. Oct. 31, 2012) (quoting *Anderson*, 328 U.S. at 692, 66 S.Ct. 1187).

supposed "down time," during which they remain on-call.[60] In response, Defendant asserts that because Plaintiffs were paid for time in which no work was performed, "it is very likely" that if any actual work put Plaintiffs over 40 hours in a work week, it was *de minimis*.[61] The only evidence offered in support of Defendant's position is a reference to a footnote in its Memorandum in Support of Its Motion For Summary Judgment,[62] in which Defendant acknowledges that one of the Plaintiff's "could possibly be considered to have worked 43.5 hours performing duties on the emergency calls he received."[63]

The Court finds that Defendant's position lacks merit. It is evident, from the face of the Complaint and the instant Motion, that Plaintiffs are seeking unpaid overtime based on their allegations that they work seven-day shifts, during which they are on-call 24 hours a day, seven days a week, for a total of 168 hours, but that they are only paid for 132 hours of work a week.[64] As explained in the instant Motion, with respect to the 132 hours for which Plaintiffs are paid each week, Plaintiffs are seeking overtime wages for all hours worked above 40, or for 92 hours each week.[65] Plaintiffs, however, are also seeking overtime wages for an additional 36 hours worked each week during their supposed "down time," during which Plaintiffs remain on-call.[66] Thus, the Court finds that Plaintiffs are not seeking unpaid wages and overtime wages for short periods of time that are "insubstantial and insignificant," or

---

[60] R. Doc. 39-3 at p. 6.
[61] R. Doc. 47 at pp. 2-3.
[62] R. Doc. 40-2.
[63] R. Doc. 47 at p. 3 (*citing* R. Doc. 40-2 at p.2, n.2).
[64] R. Doc. 39-3 at p. 6; R. Doc. 1 at ¶ 1.
[65] R. Doc. 39-3 at p. 6.
[66] *Id.*

for "only a few seconds or minutes of work beyond the scheduled working hours."[67] Instead, Plaintiffs are seeking unpaid overtime wages for 128 hours per week. Accordingly, the Court finds that Plaintiffs are entitled to summary judgment on Defendant's affirmative defense under the *de minimis* doctrine.

Based on the foregoing, the Court finds that Plaintiffs are entitled to partial summary judgment with respect to Defendant's affirmative defenses of set-off, offset and/or credit and the *de minimis* doctrine, which are dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment As To Affirmative Defenses[68] is **GRANTED** and The Parish of Plaquemines' affirmative defenses of off-set, set-off and/or credit and the *de minimis* doctrine are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 10, 2019.

*WENDY B. VITTER*
**WENDY B. VITTER**
**United States District Judge**

---

[67] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692-93, 66 S.Ct. 1187, 1195, 90 L.Ed. 1515 (1946).
[68] R. Doc. 39.