# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH BABIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7378-WBV-DMD** |
| **PLAQUEMINES PARISH** | **SECTION: D (3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion In Limine Regarding Legal Opinion Letters.[1] Defendant opposes the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves claims for unpaid overtime compensation. Plaintiffs, Keith Babin, Kevin Burge, Joshua Dismukes and Barbara Tate, are paramedics or emergency medical technicians ("EMT's") for the Parish of Plaquemines (hereinafter, "Defendant"), who allege that the Defendant failed to pay them mandatory overtime compensation as required under the Fair Labor Standards Act ("FLSA").[3] Plaintiffs assert that they each work seven days on, followed by seven days off.[4] Plaintiffs allege that they are only paid for 132 hours of work a week, even though they work seven-day shifts, during which they are on-call 24 hours a day, for a total of 168 hours.[5] Plaintiffs also claim that they are never paid any time-and-a-half overtime

---

[1] R. Doc. 70.
[2] R. Doc. 83.
[3] R. Doc. 1.
[4] *Id.* at p. 1.
[5] *Id.* at p. 1.

premium, as required by federal law. Plaintiffs filed the instant action on August 3, 2018, seeking recovery of their unpaid wages and overtime, liquidated damages, injunctive relief, attorney's fees and costs.[6]

On August 12, 2019, Plaintiffs filed the instant Motion, seeking to preclude Defendant from introducing at trial four legal opinion letters dated June 28, 1994, August 28, 2000, February 1, 2002 and June 10, 2004, as part of its "good faith" defense to Plaintiffs' claim for liquidated damages.[7] Plaintiffs assert that the letters were drafted by attorneys at the Kullman Law Firm, which is counsel of record for Defendant in this case. Plaintiffs argue that the issue of liquidated damages will be decided by the Court on a post-trial motion and that if the letters are read before the jury, jurors may treat them as authoritative or as evidence that Defendant's compensation plan was legal. Plaintiffs further argue that the opinion letters essentially constitute expert testimony regarding the law or whether a certain action is lawful, and that it is well settled that such legal opinions are inadmissible.[8] Plaintiffs also argue that the risk of unfair prejudice caused by the letters is heightened by the fact that they were drafted by attorneys at the Kullman Law Firm, which is defending Defendant in this litigation.[9] Plaintiffs claim that it is "a clear conflict" to allow the Kullman Law Firm to rely on its own self-serving letters to

---

[6] *Id.* at pp. 1 & 6.
[7] R. Doc. 70; R. Doc. 70-1 at p. 1.
[8] R. Doc. 70-1 at p. 2 (citing *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999); *Arkanase v. Fatjo*, 130 F.3d 657, 669 (5th Cir. 1997); *Berckeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006)).
[9] R. Doc. 70-1 at p. 2.

defend its client.[10] As such, Plaintiffs ask that the four opinion letters, listed as Defendants' Exhibit D-25, be stricken from the Defendant's Exhibit List.[11]

Defendant opposes the Motion, arguing that the four opinion letters are relevant and that their probative value substantially outweighs any potential risk of unfair prejudice.[12] While Defendant does not dispute that the issue of liquidated damages should be decided by the Court on a post-trial motion, Defendant asserts that it is seeking to offer the letters on the issue of willfulness, which relates to the applicable statute of limitations on Plaintiffs' FLSA claims if there is a finding of liability.[13] Defendant explains that FLSA violations are ordinarily subject to a two-year statute of limitations, but the limitations period extends to three years for willful violations.[14] Defendant asserts that to prove a willful FLSA violation, Plaintiffs must show that Defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[15] Defendant also asserts that because the issue of willfulness is a question of fact, it must be determined by a jury.[16] Defendant contends that it is clear that consulting with an attorney regarding compliance with the FLSA may preclude a finding of willfulness.[17] Defendant claims that if there is a finding of liability in this case, it will offer the letters not as expert

---

[10] *Id.* at p. 2.
[11] *Id.*; *See* R. Doc. 48.
[12] R. Doc. 83.
[13] *Id.* at p. 2.
[14] *Id.* (citing *Ramos v. Al-Bataineh*, 599 Fed.Appx. 548, 551 (5th Cir. 2015); 29 U.S.C. § 255(a)).
[15] R. Doc. 83 at pp. 2-3 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)).
[16] R. Doc. 83 at p. 3 (citing *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016)).
[17] R. Doc. 83 at p. 3 (citing *Halferty v. Pulse Drug Co., Inc.*, 826 F.2d 2, 3 (5th Cir. 1987); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 924 (E.D. La. 2009)).

legal testimony, but to show that it did not act with "reckless disregard" when it created its pay plan for EMT's and paramedics because it sought and relied upon legal advice regarding whether the plan was FLSA compliant.[18] Defendant maintains that the letters are relevant to the issue of willfulness, and that their probative value substantially outweighs any potential risk of unfair prejudice.[19]

Defendant further asserts that the letters do not present a conflict of interest, pointing out that Plaintiffs failed to cite any case law in support of that assertion.[20] Defendant also asserts that Plaintiffs' argument is nonsensical because the issue of willfulness turns on whether Defendant relied upon the advice of counsel, not whether the advice was correct or erroneous.[21] Finally, to the extent Plaintiffs assert that the opinion letters are stale or outside some limitations period, Defendant argues that the law does not require an employer to update its reliance upon such opinions annually.[22] Because there has not been a change in the law or in the way in which the Department of Labor interprets the law since the date of the four letters, Defendant claims that it should be allowed to show the jury that it relied upon the letters in good faith when establishing its pay policies for EMT's.[23]

---

[18] R. Doc. 83 at p. 4.
[19] *Id*.
[20] *Id*.
[21] *Id*. (citing *Clay v. New Tech Global Ventures, LLC*, Civ. A. No. 16-296-JWD-CBW, 2019 WL 1028532, at *6 (W.D. La. Mar. 4, 2019)).
[22] R. Doc. 83 at p. 5.
[23] *Id*.

## II. LEGAL STANDARD

### A. Motion in Limine to Exclude Evidence.

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[24] Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[25] While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[26] The Fifth Circuit has held that, "The exclusion of evidence under Rule 403 should occur only sparingly."[27] However, district courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402,[28] and a district court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion.[29] When the

---

[24] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted).
[25] Fed. R. Evid. 401.
[26] Fed. R. Evid. 403.
[27] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993); *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).
[28] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S.Ct. 1140, 1144-45, 170 L.Ed.2d 1 (2008).
[29] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981).

district court conducts "a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are chary about finding an abuse of discretion."[30]

## B. The Statute of Limitations for Willful Violations of the FLSA.

The statute of limitations under the FLSA is two years, except in cases of willful violations, in which the statute of limitations is three years.[31] If the two-year statute of limitations applies in this case, Plaintiffs can only recover for unpaid overtime they accrued after August 3, 2016 (two years before filing their Complaint); if the three-year statute of limitations applies, Plaintiffs can recover for unpaid overtime they accrued after August 3, 2015. To establish willfulness, a plaintiff must show that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."[32] The plaintiff bears the burden of proving willfulness.[33] A willful violation may be established by showing that management knew they were violating the FLSA.[34] It can also be established with evidence that a company continued its overtime practices after being informed by the Wage and Hour office that the practices violated the FLSA.[35] The failure to seek legal advice, by itself, does not establish reckless disregard.[36] However, consulting with an

---

[30] *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).
[31] 29 U.S.C. § 255(a).
[32] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 198 S.Ct. 1677, 1682, 100 L.Ed.2d 115 (1988).
[33] *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990) (citing *McLaughlin*, 486 U.S. 128, 108 S.Ct. at 1681).
[34] *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 924 (E.D. La. 2009) (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821-22 (5th Cir. 2003)).
[35] *Johnson*, 604 F. Supp. 2d at 924 (citing *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994)).
[36] *See Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990), superseded by statute on other grounds as stated in *Bridges v. Empire Scaffold, LLC*, 875 F.3d 222, 227-28 (5th Cir. 2017).

attorney about whether a compensation plan complies with the FLSA may preclude a finding of willfulness.[37]

### C. The Four Attorney Opinion Letters Are Inadmissible Because They Constitute Legal Opinion Evidence.

Plaintiffs assert only one cause of action in their Complaint – Defendant's failure to pay overtime wages under 29 U.S.C. § 207.[38] Plaintiffs allege that they "are entitled to payment of overtime premium for all hours over forty in a workweek, including both on-call time and so-called 'straight overtime' hours."[39] Pertinent to the instant Motion, Plaintiffs allege that, "Defendant's nonpayment of overtime was willful and not based in a good faith belief that this conduct was in accordance with the law."[40] Because Plaintiffs have alleged that Defendant willfully violated the FLSA, Plaintiffs will bear the burden of proving at trial that Defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA.]"[41] The Fifth Circuit has explicitly held that consulting with an attorney about an employee's classification or compensation plan may preclude a finding of willfulness. [42] The Court, therefore, finds that testimony regarding whether

---

[37] *Johnson*, 604 F. Supp. 2d at 924; *See Halferty v. Pulse Drug Co., Inc.*, 826 F.2d 2, 3 (5th Cir. 1987) (finding the employer did not act in reckless disregard because it consulted with its attorney and examined the Department of Labor bulletin discussing 29 C.F.R. § 785.23 in attempting to determine whether its plan would violate the FLSA); *Beck v. Access eForms, LP*, Civ. A. No. 16-CV-00985, 2018 WL 4537241, at *7 (E.D. Tex. Aug. 8, 2018), *adhered to as amended*, Civ. A. No. 4:16-CV-00985, 2019 WL 3717633 (E.D. Tex. Aug. 7, 2019) ("Good faith and reasonableness, including a putative employer's consultation with an attorney, are defenses to allegations of willfulness."); *Lipnicki v. Meritage Homes Corp.*, Civ. A. No. 3:10-CV-605, 2014 WL 923524, at *10 (S.D. Tex. Feb. 13, 2014) (finding that failing to seek legal advice about its pay practice does not evidence a willful violation of the statute by the employer).
[38] R. Doc. 1 at pp. 5-6.
[39] *Id*. at p. 5.
[40] *Id*. at p. 6.
[41] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).
[42] *Halferty v. Pulse Drug Co., Inc.*, 826 F.2d 2, 3 (5th Cir. 1987).

Defendant consulted with an attorney or relied on the advice of counsel in making its decision regarding the compensation plan for EMT's is relevant and admissible in this case.[43]

Nonetheless, the Court agrees with Plaintiffs that the four attorney opinion letters must be excluded as inadmissible legal opinion evidence.[44] Each letter contains legal opinions from Defendant's counsel regarding whether particular aspects of Defendant's compensation plan for EMT's comply with the FLSA, including Defendant's calculation of overtime and whether on-call time is considered "working time" under the FLSA.[45] Both of those issues are in dispute in this case. Thus, the jury will have to decide whether Defendant's compensation plan for EMT's violates the FLSA. According to the Fifth Circuit, "Lawyers may testify as to legal matters when those matters involve questions of fact."[46] However, the Fifth Circuit has made clear that while experts can opine on factual issues, "our legal system reserves to the trial judge the role of deciding the law for the benefit of the jury."[47] The Fifth Circuit further held that allowing attorneys to testify to matters of law would be harmful to the jury, which would be very susceptible of adopting the lawyer's conclusion rather

---

[43] *See Halferty*, 826 F.2d at 3; *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903 (2009).
[44] *Tessier v. Moffatt*, Civ. A. No. 98-0116, 2000 WL 35725894, at *1 (E.D. La. June 16, 2000) ("Because the testimony of this attorney expert offers a legal opinion, it is INADMISSIBLE.") (citing *Arkanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997)).
[45] *See* R. Doc. 83-1.
[46] *Arkanase*, 130 F.3d at 673 (citation omitted).
[47] *Id.* (citing *Specht v. Jensen,* 853 F.2d 805, 808-09 (10th Cir. 1988)); *Tessier*, Civ. A. No. 98-0116, 2000 WL 35725894, at *1 (same); *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) (reaffirming that an expert witness is prohibited from rendering a legal opinion because it would usurp the district court's pivotal role in explaining the law to the jury); *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999) (finding the district court did not abuse its discretion in excluding the testimony of an expert witness as an inadmissible legal opinion on an issue to be determined by the jury).

than making its own decision.[48] Additionally, testimony that tells the jury what conclusion to reach or merely states a legal conclusion is not helpful to the jury.[49] The Fifth Circuit has recognized that if an expert witness were allowed to testify to legal questions, each party would find an expert to state the law in the light most favorable to its position, which would only confuse the jury.[50] Because the four attorney opinion letters contain legal opinions from Defendant's counsel regarding whether Defendant's compensation plan for EMT's complies with the FLSA, the Court finds that the letters are inadmissible under clear Fifth Circuit precedent.[51] Defendant has failed to cite any legal authority, and the Court has found none, to show that such legal opinion evidence is admissible at trial.

The Court further finds that to the extent the letters are relevant to the issue of whether Defendant willfully violated the FLSA, their probative value is substantially outweighed by their risk of misleading and confusing the jury. The crux of Plaintiffs' case is whether Defendant's compensation plan for EMT's violates the FLSA requirements regarding overtime wages. As discussed above, each of the four attorney opinion letters contains legal opinions from Defendant's counsel regarding whether particular aspects of Defendant's compensation plan for EMT's comply with the FLSA. The Court finds there is a real risk that the letters will mislead and confuse the jury, who may view the letters as authoritative on the ultimate issue of

---

[48] *Arkanase*, 130 F.3d at 673 (citing *Specht*, 853 F.2d at 809).
[49] *Howard v. Offshore Liftboats, LLC*, Civ. A. No. 14-1188, 2016 WL 2322238, at *3 (E.D. La. Jan, 19, 2016) (citing *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996)).
[50] *Arkanase*, 130 F.3d at 673 (citing *Specht*, 853 F.2d at 809).
[51] *See Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999); *Arkanase*, 130 F.3d at 673.

whether Defendant's compensation plan violates the FLSA solely because they were written by attorneys who may be viewed as experts on the subject.[52] As the Fifth Circuit explained, "[T]he jury would be very susceptible to adopting the expert's conclusion rather [than] making its own decision. There is a certain mystique about the word 'expert' and once the jury hears of the attorney's experience and expertise, it might think the witness even more reliable than the judge."[53] Further, "Because there is but one legal rule for every dispute or issue, the only spokesman of the law that is required is the judge."[54] The Court finds that the four attorney opinion letters must be excluded from evidence in this case because the legal opinions contained therein could mislead the jury and would usurp the Court's pivotal role in explaining the law to the jury.[55]

Based on the foregoing, the Court finds that the four attorney opinion letters constitute legal opinions and, therefore, are inadmissible at trial. However, Defendant is not precluded from introducing testimony at trial that it consulted with

---

[52] Specifically, the June 28, 1994 letter is likely to cause jury confusion because the letter is clearly in response to an investigation conducted by the Department of Labor, but there is no context provided for the letter. R. Doc. 83-1 at p. 9-11. The August 28, 2000 letter is also likely to cause confusion because the majority of the letter is spent addressing Civil Service Commission Rules, which are not at issue in this litigation. R. Doc. 83-1 at pp. 1-4. The February 1, 2002 letter similarly provides answers to three specific scenarios, and there is no evidence that the three scenarios have anything to do with the Plaintiffs in this case. R. Doc. 83-1 at pp. 5-8. Finally, the June 10, 2004 letter specifically addresses "whether the proposed pay plan is permissible under the FLSA," an issue reserved for the jury in this case. R. Doc. 83-1 at pp. 12-16.
[53] *Arkanase*, 130 F.3d at 673 (citing *Specht*, 853 F.2d at 809).
[54] *Tessier v. Moffatt*, Civ. A. No. 98-0116, 2000 WL 35725886, at *1 (E.D. La. Feb. 25, 2000) (citing *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997)).
[55] *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) (citing *First National State Bank v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981)); *See Tessier*, Civ. A. No. 98-0116, 2000 WL 35725886, at *1 (explaining that testimony of an attorney expert offering a legal opinion is inadmissible because "Such opinions merely function like jury instructions and, thus, infringe upon the trial judge's role.") (citation omitted).

its attorney to determine whether its compensation plan for EMT's would violate the FLSA. Such testimony, however, shall be limited to the issue of whether Defendant's alleged violation of the FLSA was willful.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion in Limine Regarding Legal Opinion Letters[56] is **GRANTED**. Defendant is prohibited from introducing the four attorney opinion letters[57] as evidence at trial. However, Defendant may introduce testimony at trial regarding whether it consulted with its attorney to determine whether its compensation plan for EMT's would violate the FLSA. Such testimony shall be limited to the issue of whether Defendant's alleged violation of the FLSA was willful.

New Orleans, Louisiana, October 25, 2019.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[56] R. Doc. 70.
[57] R. Docs. 83-1.