# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| KEITH BABIN, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-7378-WBV-DMD |
| PLAQUEMINES PARISH | SECTION: D (3) |

## ORDER AND REASONS

Before the Court is Defendant's Motion *In Limine*.[1] The Motion is opposed,[2] and Defendant has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves claims for unpaid overtime compensation. Plaintiffs, Keith Babin, Kevin Burge, Joshua Dismukes and Barbara Tate, are paramedics or emergency medical technicians ("EMT's") for the Parish of Plaquemines (hereinafter, "Defendant"), who allege that the Defendant failed to pay them mandatory overtime compensation as required under the Fair Labor Standards Act ("FLSA").[4] Plaintiffs assert that they each work seven days on, followed by seven days off.[5] Plaintiffs allege that they are only paid for 132 hours of work a week, even though they work seven-day shifts, during which they are on-call 24 hours a day, for a total of 168

---

[1] R. Doc. 64.
[2] R. Doc. 76.
[3] R. Doc. 82.
[4] R. Doc. 1.
[5] *Id*. at p. 1.

hours.[6] Plaintiffs also claim that they are never paid any time-and-a-half overtime premium, as required by federal law. Plaintiffs filed the instant action on August 3, 2018, seeking recovery of their unpaid wages and overtime, statutory penalties, injunctive relief, attorney's fees and costs.[7]

On August 5, 2019, Defendant filed the instant Motion, seeking to prohibit Plaintiffs from testifying about or introducing evidence regarding the manner in which Plaquemines Parish firefighters are compensated.[8] Defendant argues that such testimony and evidence is inadmissible under Federal Rules of Evidence 402 and 403 because it is irrelevant to Plaintiffs' claims and will waste time, confuse the issue and mislead the jury. Defendant asserts that as Emergency Medical Services ("EMS") personnel, Plaintiffs are paid for 18 of the 24 hours of each day that they are on-call, which Defendant refers to as "actual work time," but they are not paid for the six hours of unpaid "down time" they get for sleep, rest and meals.[9] Defendant claims that EMS personnel are paid overtime after 40 hours of "actual work time."[10] Defendant further asserts that pursuant to § 207(k) of the FLSA,[11] Plaquemines Parish firefighters are compensated differently because they are paid for their entire 24-hour shift, and they receive overtime after 106 hours in a two-week period.[12]

Defendant notes that any EMS personnel who are cross-trained as firefighters are subject to the same compensation structure as firefighters, but that Plaintiffs are

---

[6] *Id.* at p. 1.
[7] *Id.* at pp. 1 & 6.
[8] R. Doc. 64.
[9] R. Doc. 64-1 at pp. 1-2 (*citing* R. Doc. 41-1 at ¶¶ 11, 17).
[10] R. Doc. 64-1 at p. 2 (*citing* R. Doc. 41-1 at ¶ 17).
[11] 29 U.S.C. § 207(k).
[12] R. Doc. 64-1 at p. 2 (*citing* R. Doc. 64-2 at p. 6).

not cross-trained as firefighters despite being offered the opportunity to do so.[13] Defendant argues that it is indisputable that § 207(k) provides a different pay scheme for employees engaged in "fire protection activities" who are trained in fire suppression, and that Plaintiffs are not trained in fire suppression.[14] Defendant claims that Plaintiffs are likely to try to introduce evidence of the Plaquemines Parish firefighters' pay scheme to argue that they should have been paid in the same manner as the firefighters.[15] Defendant asserts that any such comparison or reference to the firefighters' pay scheme is improper and that such evidence should be excluded under Fed. R. Evid. 402 and 403 because it will waste time, confuse the issue and mislead the jury.

Plaintiffs argue that while there are slight differences in the law regarding overtime for firefighters, the difference does not extend to the definition of on-call working hours under the FLSA, which is the same for firefighters as for other types of employees.[16] Plaintiffs assert that the central question for the jury to decide is whether their on-call time is compensable under the FLSA, and the firefighters' pay is relevant because it demonstrates that Defendant considers on-call time to be working time for some, but not all, of its first responders.[17] Plaintiffs argue the evidence is particularly relevant because the firefighters work side-by-side with EMS workers, sometimes perform the same duties as EMS workers and will even fill-in for

---

[13] R. Doc. 64-1 at p. 2 (*citing* R. Docs. 64-2, 64-3 & 64-4).
[14] R. Doc. 54-1 at pp. 3-4.
[15] *Id.* at pp. 3-4
[16] R. Doc. 76 at pp. 1-2 (*citing* 29 C.F.R. § 553.221).
[17] R. Doc. 76 at p. 2.

EMS workers when necessary.[18] Plaintiffs assert that the evidence is clearly relevant under the broad definition of "relevant evidence" set forth in Fed. R. Evid. 401.

Plaintiffs further assert that there is no risk of confusion or misleading the jury with evidence regarding the rules of firefighter overtime set forth in 29 U.S.C. § 207(k), which sets forth the federal law on overtime pay. Plaintiffs argue that while most workers are paid overtime wages for working more than 40 hours in a workweek, § 207(k) provides a slightly more complex calculation for firefighters and law enforcement personnel, who are entitled to overtime wages if they work more than 216 hours in 28 days, or more than 108 hours over 14 days.[19] Plaintiffs argue that the only distinction between firefighters and non-firefighters in § 207(k) is the "40 hours in a workweek v. 216 hours over 28 days," which Plaintiffs contend is irrelevant to this case.[20] Plaintiffs assert that the FLSA firefighter regulations, found in 29 C.F.R. Part 553, specifically provide that, "The general rules on compensable hours of work are set forth in 29 C.F.R. part 785 which is applicable to employees for whom the section 7(k) exemption is claimed."[21] Plaintiffs argue that this is an express recognition that the on-call law for firefighters is exactly the same as the on-call law for all other employees, including the EMT's at issue here. Plaintiffs assert that the firefighter regulations also provide that, "where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time

---

[18] *Id.* at p. 4.
[19] *Id.* at p. 3.
[20] *Id.*
[21] *Id.* at pp. 3-4 (*quoting* 29 C.F.R. § 533.221).

effectively for personal pursuits, such time spent on call is compensable."[22] Plaintiffs claim that is the same legal standard at issue in this case. Plaintiffs assert that the evidence of firefighter on-call pay is "clear proof" that other first responders, working in the same department and under the same superintendent, are being paid overtime while Plaintiffs are not, which is a problematic fact for Defendant. Plaintiffs assert that the Motion should be denied because Defendant has not met its burden of establishing that exclusion is warranted.

In response, Defendant argues that there are only two issues for a jury to decide in this case: (1) excluding "actual work time," whether the hours Plaintiffs spent waiting for a call constituted "hours worked" and should have counted towards hours worked for overtime purposes; and (2) whether the six hours of "down time" also constituted "hours worked" and should have been counted towards overtime and considered compensatory time.[23] Defendant maintains that evidence regarding the manner in which Plaquemines Parish firefighters are compensated is entirely irrelevant to either of these issues. In deciding the first issue, Defendant claims the jury will need to determine if Plaintiffs were completely relieved of duty when they were on-call and were able to effectively use their on-call time for their own purposes, such as eating, sleeping, or engaging in other recreational activities.[24] Defendant asserts that in deciding the second issue, the jury will need to determine whether Plaintiffs' six hours of "down time" were interrupted so frequently that Plaintiffs were

---

[22] R. Doc. 76 at p. 4 (*quoting* 29 C.F.R. § 533.211(d)).
[23] R. Doc. 82 at p. 2.
[24] *Id.* (citing *DePriest v. River W. LP*, 187 Fed.Appx. 403, 405 (5th Cir. 2006)).

not usually able to enjoy at least five (noncontinuous) hours of sleep.²⁵ Defendant argues that when making these determinations, the jury's focus should only be on how *Plaintiffs* were able to spend their on-call time and whether *Plaintiffs* were usually able to enjoy at least five (noncontinuous) hours of sleep during their "down time." Defendant argues that it is completely irrelevant and immaterial how the firefighters were able to spend their time on-call or whether the firefighters were able to enjoy at least five (noncontinuous) hours of sleep. Defendant claims that it is also irrelevant how the firefighters were paid because their pay is not at issue in this litigation, and any comparison to the firefighters is "an apples to oranges comparison that will necessarily confuse the issues and mislead the jury."²⁶ Defendant argues that it is free to pay both groups differently as long as the pay practices comport with the requirements of the FLSA, and that the only issue in this case is whether its pay practices as to the Plaintiffs is legal and permissible under the FLSA.

## II.   LAW AND ANALYSIS

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."²⁷ Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less

---

²⁵ R. Doc. 82 at p. 2 (*citing DePriest*, 187 Fed.Appx. at 405).
²⁶ R. Doc. 82 at p. 3.
²⁷ *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted).

probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[28] While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." [29] However, the Fifth Circuit has held that, "The exclusion of evidence under Rule 403 should occur only sparingly." [30] District courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402.[31] A district court's ruling on evidentiary issues is reviewed by an appellate court for an abuse of discretion.[32] Thus, when the district court conducts "a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are chary about finding an abuse of discretion."[33]

Here, Plaintiffs assert only one cause of action in their Complaint based on Defendant's failure to pay overtime wages under 29 U.S.C. § 207.[34] Plaintiffs allege that they "are entitled to payment of overtime premium for all hours over forty in a workweek, including both on-call time and so-called 'straight overtime' hours."[35] In their opposition brief to the instant Motion, Plaintiffs assert that, "In this case, the

---

[28] Fed. R. Evid. 401.
[29] Fed. R. Evid. 403.
[30] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993); *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).
[31] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S.Ct. 1140, 1144-45, 170 L.Ed.2d 1 (2008).
[32] *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).
[33] *Id.*
[34] R. Doc. 1 at pp. 5-6.
[35] *Id.* at p. 5.

central issue for the jury to decide is whether the Plaintiffs' on-call time is compensable under the Fair Labor Standards Act."[36] The Fifth Circuit has held that, "Whether on-call time is compensable working time depends upon the working agreements between the parties governing on-call work and the degree to which the employee is permitted or free to engage in personal activities during periods of idleness when he is subject to call."[37] The Court finds that evidence regarding the Plaquemines Parish firefighters' pay scheme is irrelevant to whether *Plaintiffs'* on-call time is compensable under the FLSA.

Perhaps acknowledging this point, Plaintiffs later assert, more broadly, "[T]he question in this case is whether on-call time is compensable. On that point, the law applicable to firefighters is identical to the law applicable to other workers."[38] Plaintiffs further assert that evidence regarding the firefighters' pay scheme is relevant because it demonstrates that Defendant considers on-call time to be working time for some, but not all, of its first responders.[39] The Court, however, fails to see how evidence of how other employees, in whatever capacity, were paid is relevant to the claims and defenses in this case. Further, it is clear from the face of the Complaint that the central issue before the jury is not whether on-call time is generally compensable under the FLSA. Instead, the jury must determine whether *Plaintiffs'* on-call time is compensable under the FLSA. Evidence regarding how

---

[36] R. Doc. 76 at p. 2.
[37] *DePriest v. River West LP*, 187 Fed.Appx. 403, 404-05 (5th Cir. 2006) (*citing* 29 C.F.R.§ 785.17 (2005); *C.M. Rousseau v. Teledyne Movible Offshore, Inc.*, 805 F.2d 1245, 1248 (5th Cir. 1986)).
[38] R. Doc. 76 at p. 3.
[39] *Id.* at p. 2.

Defendant pays other employees for on-call time, including firefighters, has no bearing on this determination. Moreover, any comparison to the firefighters' pay scheme is irrelevant where, as here, Plaintiffs have clearly alleged in their Complaint that, "Plaintiffs do not perform any work related to fire suppression, and are not trained in fire suppression. They are solely trained to work, and do work, as paramedics or emergency medical technicians."[40]

The Court further finds that if Plaintiffs are allowed to introduce evidence regarding the Plaquemines Parish firefighters' pay scheme, there is a real danger of creating a "trial within a trial" that Fed. R. Evid. 403 seeks to prevent.[41] Specifically, the jury would be forced to assess how the firefighters were/are paid, how they were able to spend their time while on-call and whether they were able to enjoy at least five (noncontinuous) hours of sleep during their "down time." That assessment would either require the presentation of additional testimony and evidence specific to Plaquemines Parish firefighters' pay scheme and how the firefighters spent their "down time" and their time while on-call, and/or create a significant risk of raising those same questions in the juror's minds. Under either scenario, the result carries a substantial risk of causing delay, jury confusion and unfair prejudice to Defendant. Weighing the probative value of such evidence against the danger of unfair prejudice to the Defendant, the Court finds that the probative value is substantially outweighed

---

[40] R. Doc. 1 at p. 3, ¶ 21.
[41] *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 280 (S.D.N.Y. 2015) (citing *United States v. Aboumoussallem*, 726 F.2d 906, 912-13 (2d Cir. 1984)).

by the danger of unfair prejudice to Defendant. As such, the evidence must be excluded under Fed. R. Evid. 403.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion in Limine[42] is **GRANTED**. Plaintiffs are prohibited from introducing any evidence or testimony regarding the manner in which Plaquemines Parish firefighters are compensated, including how the firefighters spend their time while on-call and how they spend their "down time."

New Orleans, Louisiana, October 25, 2019.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[42] R. Doc. 64.