# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH BABIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7378-WBV-DMD** |
| **PLAQUEMINES PARISH** | **SECTION: D (3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion In Limine Regarding Evidence Outside the Statute of Limitations.[1] Defendant opposes the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves claims for unpaid overtime compensation. Plaintiffs, Keith Babin, Kevin Burge, Joshua Dismukes and Barbara Tate, are paramedics or emergency medical technicians ("EMT's") for the Parish of Plaquemines (hereinafter, "Defendant"), who allege that the Defendant failed to pay them mandatory overtime compensation as required under the Fair Labor Standards Act ("FLSA").[3] Plaintiffs assert that they each work seven days on, followed by seven days off.[4] Plaintiffs allege that they are only paid for 132 hours of work a week, even though they work seven-day shifts, during which they are on-call 24 hours a day, for a total of 168

---

[1] R. Doc. 71.
[2] R. Doc. 84.
[3] R. Doc. 1.
[4] *Id.* at p. 1.

hours.[5] Plaintiffs also claim that they are never paid any time-and-a-half overtime premium, as required by federal law. Plaintiffs filed the instant action on August 3, 2018, seeking recovery of their unpaid wages and overtime, liquidated damages, injunctive relief, attorney's fees and costs.[6]

On August 12, 2019, Plaintiffs filed the instant Motion, seeking to preclude Defendant from introducing any testimony or evidence at trial regarding actions or events that occurred outside the maximum three-year statute of limitations for an FLSA action set forth in 29 U.S.C. § 255.[7] Plaintiffs assert that because this action was filed on August 3, 2018, evidence preceding August 3, 2015, is irrelevant and should be excluded. Plaintiffs clarify that they are not seeking exclusion of certain alleged policies put in place by Defendant that predate August 2015, but were in force throughout the relevant time period.[8] Instead, Plaintiffs seek to exclude evidence of discrete acts that may have occurred prior to August 2015, such as dispatch logs, evidence of emergency calls or other events within the course and scope of Plaintiffs' employment that occurred before that date. Plaintiffs emphasize that they have each worked for the Defendant for many years, some dating back to 2004, but that the only relevant time period in this case is between August 2015 and the present.[9] Plaintiffs argue that the introduction of evidence from before August 2015 will cause jury confusion because the jurors may confuse the pre-2015 evidence, which Plaintiffs

---

[5] *Id.* at p. 1.
[6] *Id.* at pp. 1 & 6.
[7] R. Doc. 71.
[8] R. Doc. 71-1 at p. 1.
[9] *Id.* at p. 2.

2

contend is irrelevant, with the post-August 2015 evidence that Plaintiffs claim is relevant. Plaintiffs also argue that the evidence may cause jury confusion if the jury believes that the pre-2015 acts should be taken into account in their deliberations.[10] Plaintiffs seek to prevent such confusion by ensuring that the jury only considers evidence from the relevant time period, which Plaintiffs contend is August 2015 to the present. Plaintiffs further assert that any testimony regarding events from before August 2015 is likely to be less reliable than more recent testimony due to fading memories, disappearance of documents or otherwise.[11] Plaintiffs cite two cases in support of their position that such testimony and evidence must be excluded.[12]

Defendant opposes the Motion, arguing that evidence and testimony regarding events that occurred before August 3, 2015 are admissible because they are relevant to the issues in this case and their probative value substantially outweighs any potential risk of unfair prejudice.[13] Defendant asserts that the purpose of Plaintiffs' Motion is to prevent Defendant from questioning Plaintiffs at trial about activities that they may have engaged in prior to 2015 while they were on-call, explaining that during discovery it came to light that plaintiff Joshua Dismukes may have been hunting while on-call.[14] Defendant claims that a critical issue for trial is whether Plaintiffs were completely relieved of duty while they were on-call so that they were

---

[10] *Id.* at p. 2.
[11] *Id.* (quoting *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)) (quotation marks omitted).
[12] R. Doc. 71-1 at pp. 2-3 (citing *Chavez v. Arancedo*, Civ. A. No. 17-20003-Civ-TORRES, 2018 WL 4599585 (S.D. Fla. Sept. 24, 2018); *McCann v. W.C. Pitts Constr. Co.*, Civ. A. No. 3:10-cv-52-DPJ-FKB, 2011 WL 3924855 (S.D. Miss. Sept. 7, 2011)).
[13] R. Doc. 84.
[14] *Id.* at pp. 1-2 (*citing* R. Doc. 84-1). The Court notes that this activity allegedly occurred December 2018 which would be within the relevant statute of limitations period.

3

able to effectively use their time on-call for their own purposes, such as for eating, sleeping, watching television or engaging in other recreational activities.[15] Defendant argues that how Plaintiffs have been able to spend their on-call time while employed by Defendant is clearly relevant to this critical issue. Defendant claims that Plaintiffs are not seeking to exclude evidence on the basis of relevance or juror confusion, but because they do not want to have to admit under oath that they have always been able to engage in certain types of recreational activity (like hunting) while on-call, which would be damaging to their claims.[16]

Defendant further asserts that the cases cited by Plaintiffs are noncontrolling and distinguishable, since *Chavez* involved a defendant's motion to exclude irrelevant evidence as to the defendant's liability and *McCann* involved an unopposed motion in limine.[17] Defendant argues that *Rasberry v. Columbia Cty, Arkansas*, 385 F. Supp. 3d 792 (W.D. Ark. 2019), is a more persuasive and instructive case, as it involved an identical motion in limine seeking to exclude evidence regarding the plaintiff's work history outside of the FLSA's statute of limitations on the basis of relevance and jury confusion.[18] Defendant claims that the *Rasberry* court denied the motion, concluding that, "Although claims beyond the statute of limitations may be barred, the Court is not convinced that all discussion of any Plaintiffs' prior employment with Defendant would be irrelevant, unduly prejudicial, or confusing and/or misleading to the jury."[19]

---

[15] R. Doc. 84 at p. 2 (citing *DePriest v. River W. LP*, 187 Fed.Appx. 403, 405 (5th Cir. 2006)).
[16] R. Doc. 84 at pp. 2-3.
[17] *Id*. at p. 3 (citing *Chavez v. Arancedo*, Civ. A. No. 17-20003-Civ-TORRES, 2018 WL 4599585, at *1 (S.D. Fla. Sept. 24, 2018); *McCann v. W.C. Pitts Constr. Co.*, Civ. A. No. 3:10-cv-52-DPJ-FKB, 2011 WL 3924855, at *1 (S.D. Miss. Sept. 7, 2011)).
[18] R. Doc. 84 at p. 4.
[19] *Id*. (quoting *Rasberry*, 385 F. Supp. 3d at 799) (internal quotation marks omitted).

Defendant maintains that Plaintiffs' activities prior to August 2015 have relevance and material application to the facts of this case, and that such evidence should not be excluded.

## II. LEGAL STANDARD

### A. Motion in Limine to Exclude Evidence.

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[20] Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[21] While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[22] The Fifth Circuit has held that, "The exclusion of evidence under Rule 403 should occur only sparingly."[23] However, district courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and

---

[20] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted).
[21] Fed. R. Evid. 401.
[22] Fed. R. Evid. 403.
[23] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993); *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).

402,[24] and a district court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion.[25] When the district court conducts "a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are chary about finding an abuse of discretion."[26]

### B. The Statute of Limitations for Willful Violations of the FLSA.

The statute of limitations under the FLSA is two years, except in cases of willful violations, in which the statute of limitations is three years.[27] If the two-year statute of limitations applies in this case, Plaintiffs can only recover for unpaid overtime they accrued after August 3, 2016 (two years before filing their Complaint); if the three-year statute of limitations applies, Plaintiffs can recover for unpaid overtime they accrued after August 3, 2015. To establish willfulness, a plaintiff must show that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."[28] Plaintiffs bear the burden of proving willfulness.[29]

### C. Testimony and Evidence Regarding Events That Occurred Before August 3, 2015 Are Inadmissible.

Plaintiffs assert only one cause of action in their Complaint – Defendant's failure to pay overtime wages under 29 U.S.C. § 207.[30] Plaintiffs also allege that,

---

[24] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S.Ct. 1140, 1144-45, 170 L.Ed.2d 1 (2008).
[25] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981).
[26] *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).
[27] 29 U.S.C. § 255(a).
[28] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 198 S.Ct. 1677, 1682, 100 L.Ed.2d 115 (1988).
[29] *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990) (citing *McLaughlin*, 486 U.S. 128, 108 S.Ct. at 1681).
[30] R. Doc. 1 at pp. 5-6.

6

"Defendant's nonpayment of overtime was willful and not based in a good faith belief that this conduct was in accordance with the law."[31] Because Plaintiffs have alleged that Defendant willfully violated the FLSA, Plaintiffs assert that this case is subject to the three-year statute of limitations under 29 U.S.C. § 255(a).[32] Defendant, however, maintains that any violation of the FLSA was not willful and that this action is subject to the two-year statute of limitations. Under either scenario, however, it is clear that the relevant time period regarding Plaintiffs' FLSA claims does not precede August 3, 2015.

After a thorough review of the arguments presented, the Court is unpersuaded that evidence outside of the applicable statute of limitations period is relevant to the facts of this case. It remains unclear to the Court how the events preceding August 3, 2015 are relevant with respect to whether Defendant violated the FLSA, when the only actionable conduct must have occurred after August 3, 2015, the maximum applicable statute of limitations period.[33] The Court finds equally unpersuasive Defendant's assertion that evidence regarding how Plaintiffs have always been able to spend their on-call time while employed by Defendant is "clearly relevant" to the issue of how Plaintiffs spent their time while on-call since August 3, 2015. Such evidence is likely to cause jury confusion if jurors consider evidence of events that fall outside the applicable statute of limitations in determining whether Defendant violated the FLSA. The Court agrees with Plaintiffs that precluding such evidence

---

[31] *Id.* at p. 6.
[32] R. Doc. 71-1 at p. 2, n.1.
[33] *Chavez v. Arancedo*, Civ. A. No. 17-20003-Civ-TORRES, 2018 WL 4599585, at *3 (S.D. Fla. Sept. 24, 2018).

7

will ensure that the jury focuses solely on evidence from the relevant time period, which in this case is August 3, 2015 to the present.

Based on the foregoing, the Court finds that Defendant is precluded from presenting any evidence or testimony at trial regarding specific actions or events that occurred before August 3, 2015, including but not limited to, dispatch logs and emergency call logs.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion in Limine Regarding Evidence Outside the Statute of Limitations[34] is **GRANTED**. Defendant is prohibited from introducing testimony and evidence at trial regarding specific actions or events that occurred before August 3, 2015, including but not limited to, dispatch logs and emergency call logs, which fall outside the maximum three-year statute of limitations set forth in 29 U.S.C. § 255.

New Orleans, Louisiana, October 25, 2019.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[34] R. Doc. 71.