UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEITH BABIN, KEVIN BURGE, JOSHUA DISMUKES, and BARBARA TATE, Plaintiffs, | § § § § § § § § § § § | CIVIL ACTION NO. 2:18-cv-07378 SECTION: D (3) DISTRICT JUDGE WENDY B. VITTER MAGISTRATE JUDGE DOUGLAS |
| VERSUS | | |
| THE PARISH OF PLAQUEMINES, Defendant. | | |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

**NOW COMES**, Defendant, the Parish of Plaquemines ("Plaquemines" or "Defendant"), who respectfully submits this opposition to Plaintiffs' motion to alter or amend the judgment or, in the alternative, for a new trial (hereinafter "motion").[1] For the foregoing reasons, Plaintiffs' motion should be denied.

### **OVERVIEW**

A three-day jury trial was held in this matter from October 28, 2019 through October 30, 2019.[2] At the conclusion of the trial, an eight-person Jury unanimously found that Defendant did not violate the Fair Labor Standards Act (FLSA) because it had not failed to pay Plaintiffs overtime.[3] Notably, during the trial, this Court held a jury charge conference during which counsel for both parties reviewed the proposed four jury interrogatories, which were identical for each plaintiff.[4] The first two interrogatories stated the following:

---

[1] Dkt. No. 134, 134-1.
[2] Dkt. Nos. 124, 127.
[3] Dkt. No. 132.
[4] Dkt. No. 123.

1

**INTERROGATORY NO. 1**: Did [plaintiff] prove, by a preponderance of the evidence, that his standby time is spent predominantly for his employer's benefit and therefore qualifies as "hours worked," so that he is entitled to overtime pay?

Yes_____ No_____

**If you answered NO to Interrogatory No. 1, your deliberations with respect to [plaintiff] are finished. Please proceed with your deliberations for the next plaintiff. If you answered YES to Interrogatory No. 1, please proceed to Interrogatory No. 2.**

**INTERROGATORY NO. 2:** Has [plaintiff] proved that Defendant failed to pay him the overtime pay required by law?

Yes_____ No_____

**If you answered NO to Interrogatory No. 2, your deliberations with respect to [plaintiff] are finished. If you answered YES to Interrogatory No. 2, please proceed to Interrogatory No. 3.**[5]

On the final day of trial, Plaintiffs were asked if they had any objections to the jury interrogatories, and Plaintiffs did not object to the interrogatories as written:

| | |
|---|---|
| THE COURT: | Okay. Jury interrogatories. I've handed you the final ones we agreed to. Mr. Miller, any objections? |
| Mr. MILLER: | No objection, Your Honor. |
| MR. KOPFLER: | No objection. |
| THE COURT: | No objection by plaintiff. All right.[6] |

At the close of argument, this Court instructed the Jury on the law as it applied to this matter and stated, "The sole issue for you to decide as the triers of fact is the third issue, namely,

---

[5] Dkt No. 129-1.
[6] Dkt. No. 139, 456:22-457:2.

whether defendant failed to pay plaintiffs the overtime pay required by law."[7]  Finally, after reviewing the interrogatories with the Jury and explaining them, this Court then asked both parties if they had anything that they would like to add, to which Plaintiffs' counsel responded in the negative:

> THE COURT:       Did I leave out anything?  Following along?  Anything else you would like added? I'll ask the plaintiffs first.  Shaking your head, no?
>
> MR. STIEGLER:    No.[8]

After deliberating for approximately six hours, the Jury rendered a verdict and unanimously found that Defendant did not fail to pay Plaintiffs overtime, and therefore, was not liable under the FLSA.[9]  While the Jury answered the first interrogatory in the affirmative, the Jury answered the second interrogatory in the negative.[10]  Following the announcement of the verdict by this Court, the Jury was dismissed.[11]  After the Jury's dismissal, Plaintiff objected that the verdict was contradictory, to which this Court replied:

> **Obviously, everybody had input into these interrogatories and I would suggest that they could have found that the Plaquemines Parish did not fail to pay the overtime, even though it was time worked.**[12]

On November 5, 2019, after considering the verdict rendered by the jury on October 30, 2019, this Court ordered judgment in favor of Defendant.[13]

On December 3, 2019, Plaintiffs filed a motion to alter or amend the judgment, or, in the

---

[7] *Id.* 491:13-15.
[8] *Id.* 496:21-24.
[9] *Id.* 512:18-516:1.
[10] *Id.* 512:18-514:22.  Defendant contends the jury's finding as to question number 1 is against the great weight of the evidence – that is, the testimony was clear and unrebutted that Plaintiffs were each relieved of duty during their on-call time. Dkt. No 137, 211:8-18; 211:23 – 212:3; 216:16-20; 218:2-4. Dkt. No. 138, 258:4-6.
[11] *Id.* 517:1-2.
[12] *Id.* 517:7-14.
[13] Dkt. No. 129

3

alternative, for a new trial pursuant to Fed. R. Civ. P. 59.[14] As discussed below, Plaintiffs' motion is without merit. If a jury returns an inconsistent verdict, any challenge must be made ***before*** the jury is excused to afford the jury the opportunity to clarify any perceived inconsistencies in its verdict. Plaintiffs failed to challenge the verdict before the jury was dismissed. Further, the verdict is not inconsistent, but rather is reconcilable.

## ARGUMENT

### A. Plaintiffs' Motion to Amend or Alter the Judgment Should Be Denied as a Matter of Law.

In their motion, Plaintiffs first argue that, pursuant to Fed. R. Civ. P. Rule 59(e), this Court should amend its November 5th judgment because the jury committed "manifest error" by answering the first interrogatory in the affirmative yet answering the second interrogatory in the negative. And, while the District Court has discretion in granting relief, it is not without limits: it "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) (weighing the factors, the need for finality outweighed the need to amend the judgment). The altering of a judgment is "an extraordinary remedy" that must be used sparingly and should not be used to present new arguments that could have been offered or raised prior to the entry of judgment. *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.,* No. 97-CV-3170, 1998 WL 43217, at *2 (E.D. La. Feb.3, 1998); *Bardwell v. George G. Sharp, Inc.,* No. 93-CV-3590, 1995 WL 517120, at *1 (E.D. La. Aug.30, 1995). "[C]ourts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3)

---

[14] Dkt. No. 134-1.

the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *Flynn v. Terrebonne Parish School Board,* 348 F. Supp. 2d 769, 771 (E.D. La.2004).  A Rule 59(e) motion is not an opportunity for Plaintiffs to rehash evidence, legal theories or arguments that should have been raised before the judgment. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

Simply, Plaintiffs argue that the judgment should be amended or altered because the jury's responses to the first two interrogatories were inconsistent with one another and cannot be reconciled given the evidence presented at trial.  As a matter of law, however, Fed. R. Civ. P. 59(e) does not provide Plaintiffs with a remedy for an allegedly inconsistent jury verdict.  *See Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C.*, No. CV 16-1131, 2018 WL 4252553, at *2–3 (E.D. La. Sept. 6, 2018), *reconsideration denied*, No. CV 16-1131, 2018 WL 4815978 (E.D. La. Oct. 4, 2018) ("[A] motion pursuant to Rule 59(e) is not the appropriate vehicle to remedy jury verdict inconsistencies.").

Further, when given the opportunity, Plaintiffs did not object to the wording of the charges, nor did they object to the verdict *before* the jury was dismissed.

The jury's credibility and factual findings are not illogical or inconsistent.  The jury simply found that while Plaintiffs proved the standby time was for the benefit of the employer,[15] Plaintiffs failed in their burden of proof that the Parish failed to pay any overtime that may be due.  Such a finding is not a manifest error of law or fact such to entitle Plaintiffs to prevail on their motion to amend the judgment pursuant to Rule 59(e).  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)).

---

[15]   The Parish disagrees that this finding is supported by the weight of the evidence.

Plaintiffs failed to timely object to the jury's verdict. Further, the jury's finding that Plaintiffs failed to show by a preponderance of the evidence that the Parish failed to pay overtime or that there was overtime due and owing, was not a manifest error of law or fact. As such, Plaintiffs motion to amend or alter the Judgment should be denied.

### B. Plaintiffs' Motion for a New Trial Should Be Denied as a Matter of Law.

In their motion, Plaintiffs also argue in the alternative that, pursuant to Fed. R. Civ. P. 59(a), this Court should grant a new trial, but only on the limited issue of the second interrogatory – whether Defendant failed to pay each Plaintiff overtime. Because Plaintiffs are moving for a new trial on the grounds that the Jury's verdict was inconsistent, Plaintiffs' motion is more appropriately analyzed under Fed. R. Civ. P. Rule 49. *Id.* For the reasons discussed below, Plaintiffs' motion for a new trial should also be denied as a matter of law.

#### *1. Plaintiffs Waived Their Objection to the Allegedly Inconsistent Verdict.*

First and foremost, Plaintiffs' motion for a new trial should be denied because they waived their argument regarding an allegedly inconsistent verdict by not objecting to the Jury's allegedly inconsistent Verdict before the Jury was dismissed. In the Fifth Circuit, "objections to alleged inconsistencies between a general verdict and answers to verdict interrogatories are waived if a party fails to object when the jury announces the verdict, while the jury is still empaneled." *Montano v. Orange County*, 842 F.3d 865, 881-82 (5th Cir. 2016). This rule promotes judicial economy as "an objection made prior to the jury's dismissal would have allowed the district court to 'return the jury for further consideration of its answers and verdict'" rather than order retrial. *Fields v. Dep't of Pub. Safety*, 658 F. App'x 694, 695 (5th Cir. 2016) (per curiam) (unpublished) (quoting *Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529, 534-35 (5th Cir. 1974)). It also affords the jury the opportunity to clarify any perceived inconsistencies in its verdict. Because

6

Plaintiffs did not object to the Jury's general verdict before the Jury was dismissed, they waived their argument for a new trial based upon any alleged inconsistent Jury verdict.

Plaintiffs will likely argue, however, that the Jury's verdict was a special verdict, and not a general verdict, and they did not have to object to the verdict before the Jury was dismissed. *See Alverez v. J. Ray McDermott & Co., Inc.*, 674 F.2d 1037, 1040 (5th Cir.1982) (holding that in the Fifth Circuit, an objection to the inconsistency of special verdicts is not waived if not raised prior to the discharge of the jury). "A special verdict differs from a general verdict in that the jury in rendering a special verdict finds facts without reference to the success of either litigant, while the jury in rendering a general verdict finds directly in general terms for one party or the other." *Giddy Up, LLC v. Prism Graphics, Inc.*, No. CIV.A.3:06-CV-0948-B, 2008 WL 656504, at *3 (N.D. Tex. Mar. 12, 2008) (quoting *Mason v. Ford Motor Co., Inc.*, 307 F.3d 1271, 1274 n.5 (11th Cir. 2002)). Here, the Jury found in favor of Defendant. Moreover, with a special verdict, "the jury needs no instruction on the law because the court applies the law to the facts as found by the jury." *Id.* (*quoting* Mason, 307 F.3d a 1274). Here, the Jury was clearly instructed on the law by this Court and, therefore, the Jury's Verdict was a general one.[16] Because Plaintiffs did not object to the allegedly inconsistent Jury Verdict before the Jury was dismissed, Plaintiffs waived their argument for a new trial and their motion should be denied as a matter of law.

### 2. *The Jury's Verdict Was Consistent.*

Assuming *arguendo* that the Jury's Verdict was not a general, but a special Verdict, Plaintiffs' motion for a new trial should still be denied because, as demonstrated below, the Jury's Verdict is, in fact, consistent and thus reconcilable.

### a. **Standard**.

---

[16] Dkt. No. 139, 486:2-493:7.

Under the Seventh Amendment, courts are required to make a "concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible." *Alverez v. J. Ray McDermott*, 674 F.2d 1037, 1040 (5th Cir. 1982); *see also United States v. $9,041,598.68*, 163 F.3d 238, 249 (5th Cir. 1998). Courts should only set aside a seemingly inconsistent verdict if it "finds that there is no view of the case which makes the jury's answers consistent ..." *Id.* at 1040 (quoting *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973)). Thus, in determining whether a seemingly inconsistent verdict actually is inconsistent, courts "view the evidence in the light most favorable to upholding the jury's decision by a finding of consistency," based upon all of the circumstances surrounding the case. *Ellis v. Weasler Engineering Inc.*, 258 F.3d 326, 343 (5th Cir. 2001) (citations omitted).

### b. The Jury's Verdict Is Reconcilable.

Plaintiffs' argument that the Jury's Verdict is inconsistent is without merit because it ignores the plain wording of the interrogatories. As written, the first interrogatory addressed whether their standby time qualified as "hours worked."[17] The second interrogatory addressed whether Plaintiffs proved by a preponderance of the evidence that they did not receive overtime pay.[18]

Given the stipulation that no Plaintiff was dispatched for more than 40 hours during any workweek in the last three years, it is, in fact, quite easy and logical to reconcile the Jury's answers and find them consistent with one another.[19] In fact, this Court already did so when it rendered judgment for Defendant and aptly stated at the close of trial, "Obviously, everybody had input into these interrogatories and I would suggest that they could have found that the Plaquemines Parish

---

[17] Black's Law Dictionary defines the word "entitle" as: "To grant a legal right to or qualify for. (11th ed. 2019).
[18] Dkt. No. 66, p. 5.
[19] Dkt. No. 139, 418:21-419:1.

did not fail to pay the overtime, even though it was time worked."[20]  Because the Jury's answers to the first two interrogatories are reconcilable and, therefore, consistent with one another, Plaintiffs' motion for a new trial should be denied as a matter of law.

### 3. *A New Trial May Only Be Granted On All The Issues*.

Assuming *arguendo* that this Court finds that Jury's answers to the first and second interrogatories are irreconcilable and orders a new trial, any new trial would need to be held on ***all*** the issues, not just the issues related to the second interrogatory.  Plaintiffs, who wish to have their cake and eat it too, seek a new trial on only the second interrogatory/issue because they believe that the Jury's answer to the first interrogatory was correct.  In support of their argument, Plaintiffs cite three readily distinguishable cases.[21]   In all three cases, the issue was whether the court could order a new trial solely on the issue of damages separate and apart from the issue of liability, or whether the court would have to issue a new trial on the issues of both damages and liability.[22] That is not the issue here.  Here, Plaintiffs want to split issues related to liability.  Plaintiffs offer no legal authority in support of their argument.

The issues of liability as to the Parish are so interwoven that it would be inherently unjust to order a new trial only of the latter issue as requested by Plaintiffs. *See Gasoline Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 51 S. Ct. 513, 75 L. Ed. 1188 (1931); *Williams v. Slade,* 431 F.2d 605, 608-09 (5th Cir. 1970).  Further, a complete new trial as to all issues would be required because the jury's first answer was clearly the result of a compromise to break the deadlock. *See Hatfield v. Seaboard Air Line Railroad Co.,* 396 F.2d 721 (5th Cir. 1968).

As such, their argument is without merit and the motion should be denied.  If this Court

---

[20] See fn. 12.
[21] Dkt. No 1341, p. 3, fn. 13.
[22] *Hadra v. Herman Blum Consulting Eng'rs*, 632 F.2d 1242, 1246 (5th Cir. 1980); *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494,499 (1931); *Winn v. Lafayette Town House*, 839 F.2d 835, 837 (1st Cir. 1988).

were to order a new trial, any new trial should be ordered on the general issue of liability in toto, with no distinction as to the two related and intertwined sub-issues.

Dated: December 17, 2019                                Respectfully submitted,

*/s/ Alexander C. Landin*_____
**ERIC R. MILLER** (21359)
**THE KULLMAN FIRM, APLC**
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com

AND

**RACHEL E. LINZY** (29317)
**ALEXANDER C. LANDIN** (35198)
**THE KULLMAN FIRM, APLC**
1600 Energy Centre, 1100 Poydras St.
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4114
E-mail: REL@kullmanlaw.com
E-mail: ACL@kullmanlaw.com

***COUNSEL FOR DEFENDANT***