## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KEITH BABIN, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                  **NO. 18-7378-WBV-DMD**

**PLAQUEMINES PARISH**                       **SECTION: D (3)**

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Alter or Amend the Judgment or, in the Alternative, For a New Trial (Fed. R. Civ. P. 59).[1] Defendant opposes the Motion,[2] and Plaintiffs have filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED in part, as modified, and DENIED in part, as moot**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a claim for overtime wages brought by present and former emergency medical technicians ("EMT's") for Plaquemines Parish (hereinafter, "Defendant").  On August 3, 2020, Keith Babin, Kevin Burge, Joshua Dismukes and Barbara Tate (collectively, "Plaintiffs"), filed a Complaint in this Court against Defendant, asserting only one cause of action – failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., pursuant to 29 U.S.C. § 207.[4]  Plaintiffs are present and former paramedics or EMT's for Defendant,[5] who

---

[1] R. Doc. 134.
[2] R. Doc. 140.
[3] R. Doc. 144
[4] R. Doc. 1 at pp. 5-6.
[5] Barbara Tate left her job with Defendant in the summer of 2019.  *See*, R. Doc. 138 at pp. 52-53.

allege that Defendant failed to pay them mandatory overtime compensation as required under the FLSA.[6]  Plaintiffs assert that they each work seven-day shifts, followed by seven days off, and that during those shifts they are on-call 24 hours a day for a total of 168 hours.  Plaintiffs allege that although they work 168 hours in a workweek, they were only paid for 132 hours a week.[7]  Plaintiffs also assert that they were never paid any time-and-a-half overtime wages, as required by federal law.

Defendant contends that Plaintiffs were paid for all hours actually worked, and denies that any of the individual plaintiffs worked more than 40 hours in a workweek during the relevant time period.[8]  Defendant further asserts that it complied with federal law, including the FLSA, regarding Plaintiffs' standby time and sleep time. Defendant claims that Plaintiffs were afforded six or more hours of sleep under an express and/or implied agreement and were therefore paid 132 hours out of the 168 hours per pay period.  Defendant states that Plaintiffs were paid those 132 hours per pay period regardless of whether Plaintiffs performed any actual work (*i.e.*, responded to an emergency call), and further that Plaintiffs were completely relieved of their duties during their time waiting for an emergency call.[9]  As such, Defendant asserts that Plaintiffs are not entitled to overtime wages under the FLSA.

The Court conducted a jury trial in this matter from October 28, 2019 to October 30, 2019.[10]  The parties agreed to a verdict form with 16 questions, with the

---

[6] R. Doc. 1 at pp. 5-6.
[7] *Id*. at p. 1.
[8] R. Doc. 66 at p. 4.
[9] *Id*.
[10] R. Docs. 124, 125 & 127.

same four questions posed as to each individual plaintiff.[11]  The Jury Interrogatories

were:

### INTERROGATORY NO. 1
Did [Plaintiff] prove, by a preponderance of the evidence, that his standby time is spent predominantly for his employer's benefit and therefore qualifies as 'hours worked,' so that [Plaintiff] is entitled to overtime pay?

        Yes _____                         No _____

*If you answered NO to Interrogatory No. 1, your deliberations with respect to [Plaintiff] are finished.  Please proceed with your deliberations for the next plaintiff.*
*If you answered YES to Interrogatory No. 1, please proceed to Interrogatory No. 2.*

### INTERROGATORY NO. 2
Has [Plaintiff] proved that Defendant failed to pay her the overtime pay required by law?

        Yes _____                         No _____

*If you answered NO to Interrogatory No. 2, your deliberations with respect to [Plaintiff] are finished.  Please proceed with your deliberations for the next plaintiff.*
*If you answered YES to Interrogatory No. 2, please proceed to Interrogatory No. 3.*

### INTERROGATORY NO. 3
Did the Parish prove, by a preponderance of the evidence, that the six-hour "down time" does not qualify as hours worked?

        Yes _____                         No _____

*Please proceed to Interrogatory No. 4.*

### INTERROGATORY NO. 4
Did [Plaintiff] prove, by a preponderance of the evidence, that the Parish knew that its conduct was prohibited by the FLSA, or showed reckless disregard to whether its conduct violated the FLSA?

        Yes _____                         No _____

---

[11] R. Docs. 129, 129-1, 129-2 & 129-3.

**You have completed your deliberations with respect to [Plaintiff]. Please proceed with your deliberations for the next Plaintiff.**[12]

After deliberating for approximately six hours, the Court was informed that a verdict had not been reached and that the jury remained deadlocked.[13] The Court discussed the matter with counsel, who voiced no objection to the Court issuing the Civil *Allen* Charge from the Fifth Circuit Pattern Jury Instructions (Civil Cases) Section 2.18.[14] Thus, without objection from either party, the Court read its *Allen* Charge and the jury continued its deliberations.[15] Approximately 35 minutes later, the jury returned with a verdict. The jury answered "yes" in response to Jury Interrogatory No. 1 as to each plaintiff, and answered "no" in response to Jury Interrogatory No. 2 as to each plaintiff. Thus, the jury found that Plaintiffs had proved, by a preponderance of the evidence, that each of the plaintiff's standby time was spent predominantly for their employer's benefit and, therefore, qualifies as "hours worked," so that each plaintiff is entitled to overtime pay. However, the jury answered "no" to Jury Interrogatory No. 2, finding that Plaintiffs failed to prove that Defendant had failed to pay them overtime wages as required by law. On November 5, 2019, the Court entered a Judgment in favor of Defendant and against Plaintiffs.[16]

Plaintiffs filed the instant Motion asking the Court to issue an order altering or amending the judgment pursuant to Federal Rule of Civil Procedure 59(e) because

---

[12] *Id.*
[13] *See*, R. Doc. 127; R. Doc. 139 at p. 93.
[14] R. Doc. 139 at pp. 93-96.
[15] *Id.* at pp. 96-98.
[16] R. Doc. 133.

the jury's finding that Plaintiffs were paid overtime wages is contrary to the evidence and, therefore, constitutes a manifest error of law or fact.[17]  Plaintiffs assert that judgment should be entered in their favor, with the issue of damages referred to a special master under Fed. R. Civ. P. 53.  Plaintiffs contend that the primary question in this case is whether the time Plaintiffs spend on call, but not actively responding to an emergency, counts as "hours worked" under the FLSA.[18]  Plaintiffs claim that, if the answer is yes, then Plaintiffs worked more than 40 hours per week and overtime is owed.  Plaintiffs assert that if the answer is no, then Plaintiffs did not work over 40 hours a week and no overtime wages are owed.[19]

Plaintiffs note that the jury answered "yes" to the first interrogatory, which asked whether each plaintiff's "standby time is spent predominantly for [the] employer's benefit and therefore qualifies as 'hours worked,' so that [he or she] is entitled to overtime pay."[20]  Plaintiffs assert that there is only one set of facts that support the jury's findings in this case: (1) the jury found that Plaintiffs' standby time qualified as hours worked, which required the payment of overtime pay under federal law; and (2) the jury found Defendant actually paid the full amount of overtime wages that were due.[21]  Plaintiffs contend that there are no facts or evidence in the record to support this finding, as the uncontested facts, including Plaintiffs' pay records, clearly shows that Plaintiffs were never paid overtime wages.[22]

---

[17] R. Doc. 134.
[18] R. Doc. 134-1 at p. 5.
[19] *Id.*
[20] *Id.*
[21] *Id.* at p. 2.
[22] *Id.*

Instead, Plaintiffs argue the testimony and exhibits clearly show that Plaintiffs are and were paid for 18 hours a day of straight time at their regular pay rate, and that Defendant has never paid paramedics a time-and-a-half overtime premium for standby or on-call time.[23]  Plaintiffs point out that the Joint Pretrial Order listed as an "Uncontested Material Fact" that "Plaintiffs did not receive any overtime pay."[24]  Plaintiffs assert that, "The non-payment of overtime is a simple fact, set forth in black and white in the pay records kept and maintained by Defendant."[25] In light of the clear and uncontested evidence that no overtime wages were paid, Plaintiffs contend that the jury committed manifest error in finding otherwise in its answer to Interrogatory No. 2 and that the Court should enter an amended judgment in Plaintiffs' favor pursuant to Fed. R. Civ. P. 59(e).[26]

Alternatively, Plaintiffs request a new trial limited to the question of whether Plaintiffs have proven that Defendant failed to pay them overtime premiums.[27] Plaintiffs contend that a new trial is warranted because the jury's verdict was against all of the evidence in the record, as there were no exhibits or testimony from which a reasonable jury could possibly have found that overtime was paid.[28]

Defendant opposes the Motion, asserting that it should be denied because Plaintiffs seek to amend the Court's November 5, 2019 Judgment based upon an inconsistent verdict, and Rule 59(e) does not provide Plaintiffs with a remedy for an

---

[23] *Id.*
[24] *Id.* (*quoting* R. Doc. 66 at p. 5) (internal quotation marks omitted).
[25] *Id.*
[26] R. Doc. 134-1 at p. 2.
[27] R. Doc. 134 & R. Doc. 134-1 at p. 11.
[28] R. Doc. 134-1 at p. 11.

allegedly inconsistent jury verdict.[29]   Defendant points out that, when given the opportunity, Plaintiffs did not object to the wording of the jury "charges," nor did they object to the verdict before the jury was dismissed.[30]   Defendant argues that the jury's credibility and factual findings are not illogical or inconsistent.   Defendant posits that the jury simply found that while Plaintiffs proved the standby time was for the benefit of the employer, and Plaintiffs failed to prove that Defendant failed to pay any overtime that may be due.[31]   Defendant asserts that such a finding is not a manifest error of law or fact that entitles Plaintiff to an amended judgment under Rule 59(e), but cites no evidence to support the verdict.[32]

Defendant further asserts that Plaintiffs' motion for a new trial under Rule 59(a) should be denied because Plaintiffs seek a new trial based upon an inconsistent jury verdict, which is more appropriately analyzed under Fed. R. Civ. P. 49.[33]   Defendant first argues that Plaintiffs waived their objection to the allegedly inconsistent verdict by not objecting to the general verdict before the jury was dismissed.[34]   Anticipating Plaintiffs' counter-argument that their objection was not waived because the verdict was a special verdict, Defendant asserts that the jury verdict in this case was a general verdict because the jury found in favor of Defendant

---

[29] R. Doc. 140 at p. 5 (citing *Team Contractors, LLC v. Waypoint NOLA, LLC*, Civ. A. No. 16-1131, 2018 WL 4252553, at *2-3 (E.D. La. Sept. 6, 2018), *reconsid. denied*, 2018 WL 4815978 (E.D. La. Oct. 4, 2018) ("[A] motion pursuant to Rule 59(e) is not the appropriate vehicle to remedy jury verdict inconsistencies.")).

[30] R. Doc. 140 at p. 5.

[31] *Id*.

[32] *Id*. (citing *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)).

[33] R. Doc. 140 at p. 6.

[34] *Id*. (citing *Montano v. Orange County*, 842 F.3d 865, 881-82 (5th Cir. 2016)).

and the jury was clearly instructed on the law by the Court.[35]  Defendant points out that a special verdict requires the jury to find facts without reference to the success of either litigant, while a general verdict requires a finding directly in general terms for one party or the other.[36]  Defendant also asserts that with a special verdict, the jury needs no instruction on the law because the court applies the law to the facts as found by the jury.[37]  Defendant contends that, since the jury was instructed on the law, the verdict was a general one.[38]  Thus, Defendant maintains that because Plaintiffs did not object to the jury verdict before the jury was dismissed, Plaintiffs' request for a new trial must be denied.

If the Court finds that the verdict was a special verdict, Defendant asserts the Motion must still be denied because the verdict is consistent and, therefore, reconcilable.[39]  Defendant argues that the plain wording of the jury interrogatories contradicts Plaintiffs' argument that the verdict is inconsistent, as the jury addressed two different issues: (1) whether the standby time qualified as "hours worked;" and (2) whether Plaintiffs proved by a preponderance of the evidence that they did not receive overtime pay.[40]  Defendant argues that, given the stipulation that no plaintiff was dispatched for more than 40 hours during any workweek in the last three years, it is "quite easy and logical to reconcile the Jury's answers and find them consistent

---

[35] R. Doc. 140 at p. 7.

[36] *Id.* (quoting *Giddy Up, LLC v. Prism Graphics, Inc.*, Civ. A. No. 3:06-cv-0948-B, 2008 WL 656504, at *3 (N.D. Tex. Mar. 12, 2008)) (internal quotation marks omitted).

[37] R. Doc. 140 at p. 7 (quoting *Giddy Up, LLC*, Civ. A. No. 3:06-cv-0948-B, 2008 WL 656504 at *3) (internal quotation marks omitted).

[38] R. Doc. 140 at p. 7.

[39] R. Doc. 140 at pp. 7-8.

[40] R. Doc. 140 at p. 8 (*citing* R. Doc. 66 at p. 5).

with one another."[41]  Defendant notes that the Court already reconciled the verdict when it rendered judgment for Defendant and aptly stated at the close of trial, "Obviously, everybody had input into these interrogatories and I would suggest that they could have found that the [sic] Plaquemines Parish did not fail to pay the overtime, even though it was time worked."[42]

Nonetheless, if the Court orders a new trial, Defendant asserts a new trial must be held on all the issues, not just the issues related to the second jury interrogatory.[43]  Defendant argues that the issues of liability are so interwoven that it would be inherently unjust to order a new trial of only the latter issue, as Plaintiffs request.[44]  Defendant claims that, "a complete new trial as to all issues would be required because the jury's first answer was clearly the result of a compromise to break the deadlock."[45]

In response, Plaintiffs assert that Defendant's Opposition brief fails to squarely address the arguments set forth in their Rule 59 Motion, and seeks to recast the Motion as one brought under Fed. R. Civ. P. 49, which is a completely different motion arising under a different legal standard.[46]  Plaintiffs emphasize that the issue in their Motion is not whether the jury's verdict was internally inconsistent, but whether the jury committed a manifest error of law or fact or completely disregarded the credible evidence in the record in finding that Defendant actually paid Plaintiffs'

---

[41] R. Doc. 140 at p. 8 (citing R. Doc. 139 at p. 418:21-419:1).
[42] R. Doc. 140 at pp. 8-9 (*quoting* R. Doc. 139 at p. 517:7-14) (internal quotation marks omitted).
[43] R. Doc. 140 at p. 9.
[44] *Id.* (citations omitted).
[45] *Id.* (citing *Hatfield v. Seaboard Air Line Railroad Co.*, 396 F.2d 721 (5th Cir. 1968)).
[46] R. Doc. 144.

overtime wages.  Plaintiffs assert that Defendant points to no evidence or testimony that could possibly support the jury's finding that Defendant actually paid overtime wages, which is because no such evidence exists.[47]  Plaintiffs argue that Defendant's arguments regarding Rule 49(b) miss the point and reflect a fundamental misunderstanding of the type of verdict entered in this case and the relief sought by Plaintiffs.  Plaintiffs contend that Rule 49(b) is inapplicable because the jury entered a special verdict.[48]  Plaintiffs assert that the jury unquestionably entered a special verdict because the verdict form asked the jury to answer a series of questions of fact, none of which presented the ultimate issue of "who wins."[49]  As such, Plaintiffs assert they have not waived the right to seek relief under Rule 59.

Plaintiffs very clearly state that they do not argue that the jury's verdict was inconsistent, as the jury found that Plaintiffs' standby time qualifies as hours worked, but that no overtime wages were owed.[50]  Plaintiffs explain that the only problem with these findings is that the jury's second finding is completely unsupported by the evidence in the record.[51]  Plaintiffs maintain that the proper remedy for manifest error by the jury is to alter or amend the November 5, 2019 Judgment under Rule 59(e).[52]  Plaintiffs emphasize that the non-payment of overtime wages was confirmed by Plaintiffs' testimony, the defense witnesses' testimony and written exhibits, and acknowledged as undisputed in the Pretrial Order, and that Defendant failed to point

---

[47] *Id*. at p. 1.
[48] *Id*. at pp. 2-3.
[49] *Id*. at p. 3.
[50] *Id*. at p. 4.
[51] *Id*.
[52] R. Doc. 155 at p. 5.

to or cite any contrary evidence in its Opposition brief.[53]  Plaintiffs maintain their alternative argument that, if the Court does not alter or amend the Judgment, it should order a new trial limited to the issues raised by the second jury interrogatory.[54]

## II.   LEGAL STANDARD

### A. The Fair Labor Standards Act ("FLSA").

Congress enacted the FLSA in 1938 to "protect all covered workers from substandard wages and oppressive working hours."[55]  "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract."[56]  "One of the FLSA's requirements is that employers pay workers at one-and-a-half times their normal wages for hours worked in excess of forty per week."[57]  "To enforce this rule, the FLSA gives employees the right to bring a private cause of action on their own behalf and on behalf of other employees similarly situated."[58]  "Section 16(b) of the FLSA provides a cause of action for employees to recover unpaid overtime compensation under the statute from their employers, plus liquidated damages, attorneys fees and costs."[59]  "The plaintiff has the burden of

---

[53] *Id.*

[54] *Id.* at p. 6.

[55] *Meza v. Intelligent Mexican Marketing, Inc.*, 720 F.3d 577, 581 (5th Cir. 2013) (quoting *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981)) (internal quotation marks omitted); *See also*, 29 U.S.C. § 202(a).

[56] *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69, 133 S.Ct. 1523, 1527, 185 L.Ed.2d 636 (2013).

[57] *Meza*, 720 F.3d at 581 (*citing* 29 U.S.C. § 207(a)).

[58] *Pineda v. JTCH Apartments, LLC*, Civ. A. No. 3:13-CV-0588-B, 2015 WL 5052241, at *3 (N.D. Tex. Aug. 26, 2015) (quoting *Genesis*, 569 U.S. at 69, 133 S.Ct. at 1527) (internal quotation marks omitted).

[59] *American Federation of State, County and Mun. Employees v. La. ex rel. Dept. of Health & Hosps.*, Civ. A. No. 90-4389, 2001 WL 29999, at *10 (E.D. La. Jan. 9, 2001) (*citing* 29 U.S.C. § 216(b)); *Pineda*, Civ. A. No. 3:13-CV-0588-B, 2015 WL 5052241 at *3 (*quoting* 29 U.S.C. § 216(b)).

proving that he performed work for which he was not compensated in accordance with the FLSA."[60]

### B. Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e).

Plaintiffs move to alter or amend the Court's Judgment under Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[61] To prevail on a Rule 59(e) motion, the movant must establish one of the following: (1) a manifest error in law or fact; (2) the availability of new evidence not previously available; or (3) an intervening change in the controlling law.[62] Here, Plaintiffs assert that the jury's finding as to Jury Interrogatory No. 2 constitutes a manifest error of law or fact. "Manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law."[63] The Fifth Circuit has also described "manifest error" in this context as "an obvious mistake or departure from the truth."[64]

The Fifth Circuit has held that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[65] While courts have considerable discretion in

---

[60] *American Federation*, Civ. A. No. 90-4389, 2001 WL 29999 at *10.

[61] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

[62] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)) (internal quotation marks omitted); *See also*, *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

[63] *Team Contractors, LLC v. Waypoint NOLA, LLC*, Civ. A. No. 16-1131, at *3 (E.D. La. Sept. 6, 2018) (citing *Pechon v. La. Dep't of Health and Hospitals*, Civ. A. No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009)).

[64] *Berezowsky v. Rendon Ojeda*, 652 Fed.Appx. 249, 251 (5th Cir. 2016) (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)) (internal quotation marks omitted).

[65] *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

addressing a motion for reconsideration,[66] the Fifth Circuit has cautioned that, "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[67]  The Fifth Circuit has identified two important judicial imperatives regarding motions for reconsideration: (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts.[68]

### C. Motion for New Trial Under Fed. R. Civ. P. 59(a).

Under Rule 59(a), district courts can grant a new trial "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[69]  Although Rule 59 does not specify or limit the grounds necessary for granting a new trial, the Fifth Circuit has instructed that, "A new trial may be granted if the trial court finds that 'the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed . . . ."[70]  "A district court may also grant a new trial when the jury's verdict is logically inconsistent if, after viewing the evidence in the light most favorable to a finding of consistency, reconciliation is impossible."[71]  The decision to grant or deny a motion for a new trial rests within the sound discretion of

---

[66] *Templet*, 367 F.3d at 479.

[67] *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La. 2000)).

[68] *Templet*, 367 F.3d at 479 (citing *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *overruled on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)).

[69] Fed. R. Civ. P. 59(a)(1)(A).

[70] *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)).

[71] *Vargas v. Manson Gulf, LLC*, 439 F. Supp. 3d 809, 813 (E.D. La. 2020) (citing *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir. 2001); *Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978)).

the district court, but that discretion is tempered by the deference due to a jury.[72] "The district court abuses its discretion by denying a new trial only when there is an 'absolute absence of evidence to support the jury's verdict.'"[73] The Fifth Circuit has held that this discretion is even broader when the district court denies, rather than grants, a motion for new trial.[74]

The Fifth Circuit has held that, "If the new trial is granted on evidentiary grounds, the jury's verdict must be 'against the great–not merely the greater–weight of the evidence."[75] "In other words, the movant must show 'an absolute absence of evidence to support the jury's verdict.'"[76] "[M]ere conflicting evidence or evidence that would support a different conclusion by the jury cannot serve as the grounds for granting a new trial."[77] The Fifth Circuit has cautioned, however, that "A verdict can be against the 'great weight of the evidence,' and thus justify a new trial, even if there is substantial evidence to support it."[78] The Fifth Circuit has further explained that, "What courts cannot do . . . is to grant a new trial 'simply because [the court] would have come to a different conclusion then [sic] the jury did.'"[79] When determining whether a jury verdict is against the great weight of the evidence, "the district court

---

[72] *Foradori v. Harris*, 523 F.3d 477, 504 (5th Cir. 2008); *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989).

[73] *Seidman*, 923 F.2d at 1140 (quoting *Cobb v. Rowan Companies*, 919 F.2d 1089, 1090 (5th Cir. 1991)).

[74] *See, Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005) (citing *Scott*, 868 F.2d at 789).

[75] *Scott*, 868 F.2d at 789 (quoting *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980)).

[76] *Seibert v. Jackson County, Mississippi*, 851 F.3d 430, 439 (5th Cir. 2017) (quoting *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998)).

[77] *Islander East Rental Program v. Barfield*, Civ. A. No. 96-41275, 145 F.3d 359 (5th Cir. 1998) (citing *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992)).

[78] *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982) (quoting *United States ex rel. Weyerhaeuser v. Bucon Construction Co.*, 430 F.2d 420, 423 (5th Cir. 1970)).

[79] *Peterson v. Wilson*, 141 F.3d 573, 577 (5th Cir. 1998) (quotation and internal quotation marks omitted).

weighs all the evidence, but need not view it in the light most favorable to the nonmoving party."[80]  According to the Fifth Circuit, "While the court is to respect the jury's collective wisdom and must not simply substitute its opinion for the jury's, '[i]f the trial judge is not satisfied with the verdict of a jury, he has the right – and indeed the duty – to set the verdict aside and order a new trial.'"[81]

## III.   ANALYSIS

### A. The Motion for New Trial Under Fed. R. Civ. P. 59(a).

Addressing their alternative request for a new trial, Plaintiffs assert that the jury verdict is against the great weight of the evidence and that a new trial is warranted under Fed. R. Civ. P. 59(a) limited to the question of whether Plaintiffs have proven that Defendant failed to pay them overtime.[82]  Defendant mistakenly construes Plaintiffs' request as one for a new trial based upon an inconsistent jury verdict, and asserts that Plaintiffs waived their objection to the inconsistency by not raising it before the jury was dismissed because this case involved a general jury verdict.[83]  Defendant maintains that the jury verdict is consistent and reconcilable based upon the parties' stipulation that no plaintiff was dispatched for more than 40 hours during any workweek in the last three years.[84]  Defendant further asserts that a new trial should only be granted on all of the issues because the issues of Defendant's liability "are so interwoven that it would be inherently unjust to order a

---

[80] *Team Contractors, LLC v. Waypoint NOLA, LLC*, Civ. A. No. 16-1131, 2019 WL 3532021, at *6 (E.D. La. Aug. 2, 2019) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)) (internal quotation marks omitted).

[81] *Smith*, 773 F.2d at 613 (*quoting* C. Wright, *Federal Courts* 663 (4th ed. 1983)).

[82] R. Doc. 134; R. Doc. 134-1 at pp. 2 & 11.

[83] R. Doc. 140 at pp. 6-7 (citations omitted).

[84] *Id*. at p. 8 (*citing* R. Doc. 139 at pp. 4-5).

new trial only of the latter issue as requested by Plaintiffs."[85]  Defendant also claims that a complete new trial is required "because the jury's first answer was clearly the result of a compromise to break the deadlock."[86]

Contrary to Defendant's assertion, Plaintiffs do not seek a new trial in this case based upon an inconsistent jury verdict.[87]  In fact, both parties agree that the jury verdict is *not* inconsistent.[88]  Plaintiffs seek a new trial on the basis that the jury verdict is against the great weight of the evidence and, even further, is against all of the evidence presented in this case.[89]  The Court, therefore, rejects Defendant's misguided argument that the request for a new trial should be denied because the jury verdict is not inconsistent.  Additionally, because the Opposition brief fails to address Plaintiffs' arguments regarding why a new trial is appropriate under Fed. R. Civ. P. 59(a) and addresses only whether a new trial is warranted under Fed. R. Civ. P. 49, the Court's analysis regarding whether Plaintiffs are entitled to a new trial is limited to the information and arguments contained in Plaintiffs' briefs and evidence in the record. In answering "yes" to Jury Interrogatory No. 1, the jury found that each plaintiff had proved "by a preponderance of the evidence, that his standby time is spent predominantly for his employer's benefit and therefore qualifies as 'hours worked,' so that he is entitled to overtime pay[.]"[90]  Thus, the jury found that Plaintiffs' standby time constitutes "hours worked" and that Plaintiffs are entitled to

---

[85] R. Doc. 140 at p. 9 (citations omitted).
[86] *Id.*
[87] R. Doc. 140 at pp. 4-6.
[88] *See*, R. Doc. 140 at pp. 5, 7-9; R. Doc. 144 at p. 4.
[89] R. Doc. 134-1 at p. 11.
[90] R. Docs. 129, 129-1, 129-2 and 129-3.

overtime pay based upon those hours.  In Jury Interrogatory No. 2, the jury was asked whether each plaintiff has "proved that Defendant failed to pay him the overtime pay required by law?"[91]  By answering "no" to Jury Interrogatory No. 2, the jury concluded that, while Plaintiffs had shown that they were entitled to overtime pay, Plaintiffs failed to prove that Defendant violated the FLSA by failing to pay them overtime wages.  After reviewing the evidence adduced at trial, as well as the uncontested facts contained in the Pretrial Order,[92] the Court finds that the jury verdict is against the great weight of the evidence in this case.

Plaintiffs correctly point out that in the Pretrial Order, the parties agreed that the following was an uncontested material fact in this case: "Plaintiffs did not receive any overtime pay."[93]  Additionally, each individual plaintiff testified at trial that he or she was never paid overtime wages by Defendant,[94] and their employment records show that each plaintiff was paid at their regular rate for any hours worked over 40 in a week.[95]

In an effort to make an appropriate determination regarding whether the jury's verdict is against the great weight of the evidence, the Court has reviewed and considered all of the evidence introduced during the trial.  The Court recognizes that two of Defendant's witnesses, Jonathan Butcher, Superintendent of the Fire Department who oversees all operations of the EMS personnel department at

---

[91] R. Docs. 129, 129-1, 129-2 and 129-3.
[92] R. Doc. 66.
[93] R. Doc. 66 at p. 5.
[94] *See*, Trial Transcripts, R. Doc. 137 at pp. 148, 180-181, 206; R. Doc. 138 at pp. 27-28, 78-79.
[95] Trial Exhibits 5, 6, 7, 8.

Plaquemines Parish, and Gina Meyer, Superintendent of Emergency Medical Services and the Ambulance Department in Plaquemines Parish before her retirement in 2016, testified that Plaintiffs were entitled to overtime wages only if the hours they "actually worked," meaning the time they were dispatched on emergency call, exceeded 40 hours in a workweek.[96]  Butcher, Meyer and a third defense witness, Emily Sylve, a billing clerk for Plaquemines Parish, also testified that none of the plaintiffs ever reported being called more than 40 hours in a workweek on emergency call.[97]  The only other testimony introduced by the defense was that of Patrick Harvey, the Director of Homeland Security Emergency Preparedness and 911 for Plaquemines Parish, who testified regarding the foundation of the dispatch logs submitted as exhibits by Defendant.[98]  The parties also stipulated at trial that no plaintiff was dispatched for more than 40 hours during any workweek in the last three years of employment.[99]  Defendant relies upon this stipulation in arguing that the jury verdict is not inconsistent.

The foregoing evidence, however, bears only on the factual issues raised in Jury Interrogatory No. 1 – whether Plaintiffs proved that their standby time constitutes "hours worked," such that Plaintiffs are entitled to overtime wages under the FLSA. The jury had to find that Plaintiffs worked more than 40 hours in a workweek in order to find that they are entitled to overtime wages.  Thus, neither the testimony of defense witnesses, Butcher, Meyer, and Sylve, nor the stipulation regarding how

---

[96] *See*, Trial Transcript, R. Doc. 138 at pp. 117, 122-123, 151-152, 189.
[97] *Id*. at pp. 122-123, 160.
[98] Trial Transcript, R. Doc. 138 at pp. 102- 116.
[99] Trial Transcript, R. Doc. 139 at pp. 4-5.

many hours Plaintiffs were dispatched in a workweek support the jury's finding with respect to Jury Interrogatory No. 2.

Defendant has failed to direct the Court to any other evidence that supports the jury's finding with respect to Jury Interrogatory No. 2, and the Court has found none. Accordingly, the Court finds that the jury verdict is against the great weight of the evidence and must be set aside. Plaintiffs' Motion is therefore granted to the extent that Plaintiffs request a new trial in this matter. However, Plaintiffs' Motion is denied to the extent that Plaintiffs seek a new trial only on whether Plaintiffs proved that Defendant failed to pay them overtime wages. According to the Fifth Circuit, the Supreme Court has "established the rule that even when only one issue is tainted by error or prejudice, a new trial must nevertheless be granted on all issues 'unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'"[100] Such is the case here. Accordingly, and exercising the discretion provided in Fed. R. Civ. P. 59(a), the Court finds that a new trial is warranted on all of the issues in this case.

### B. The Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e).

Because the Court has determined that a new trial is warranted in this matter, the Court declines to address Plaintiffs' request to alter or amend the November 5, 2019 Judgment in this case. The Court heeds the Fifth Circuit's cautionary instruction that, "Reconsideration of a judgment after its entry is an extraordinary

---

[100] *Eximco, Inc. v. Trane Co.*, 748 F.2d 287, 290 (5th Cir. 1984) (quoting *Gasoline Products v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931)).

remedy that should be used sparingly."[101]  Another section of this Court has also recognized that, "While district courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment,' denial is favored."[102] Accordingly, the Motion is denied as moot to the extent that Plaintiffs seek to alter or amend the Court's November 5, 2019 Judgment.

Based on the foregoing, the Court finds that Plaintiffs have met their burden of proving that the jury verdict is against the great weight of the evidence in this case, and that a new trial is warranted.  However, the Court finds that there must be a new trial on all issues, not just the issue raised by Jury Interrogatory No. 2.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Alter or Amend the Judgment or, in the Alternative, For a New Trial (Fed. R. Civ. P. 59)[103] is **GRANTED in part, as modified,** and **DENIED in part, as moot.**  The Motion is **GRANTED as modified** to the extent that Plaintiffs seek a new trial.  The jury verdict is hereby set aside, and a new trial is ordered as to all issues.  The Motion is

---

[101] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 1010 F. Supp. 2d 463, 465 (E.D. La. 2000)).

[102] *Action Ink, Inc. v. New York Jets, LLC*, Civ. A. No. 12-46, 2013 WL 5532781, at *1 (E.D. La. Oct. 4, 2013) (Milazzo, J.) (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)); *See*, *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

[103] R. Doc. 134.

**DENIED as moot** to the extent that Plaintiffs seek to amend or alter the Court's

November 5, 2019 Judgment.

New Orleans, Louisiana, December 11, 2020.

**WENDY B. VITTER**
**United States District Judge**