UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH BABIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7378-WBV-DMD** |
| **PLAQUEMINES PARISH** | **SECTION: D (3)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Certify for Interlocutory Appeal.[1] Plaintiffs oppose the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND[3]

This case arises out of a claim for overtime wages brought by present and former emergency medical technicians ("EMT's) for Plaquemines Parish (hereinafter, "Defendant"). On August 3, 2020, Keith Babin, Kevin Burge, Joshua Dismukes and Barbara Tate (collectively, "Plaintiffs"), filed a Complaint in this Court against Defendant, asserting only one cause of action – failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, pursuant to 29 U.S.C. § 207.[4] The Court conducted a jury trial in this matter from October 28, 2019 to October 30, 2019, and the jury found that Plaintiffs had proved that they were entitled to overtime pay, but that Plaintiffs had failed to prove that Defendant failed

---

[1] R. Doc. 149.
[2] R. Doc. 154.
[3] The factual and procedural background of this case is set forth in great detail in the Court's December 11, 2020 Order and Reasons and, for the sake of brevity, will not be repeated here. *See*, R. Doc. 145.
[4] R. Doc. 1 at pp. 5-6.

1

to pay them overtime wages as required by law.[5] On November 5, 2019, the Court entered a Judgment in favor of Defendant and against Plaintiffs.[6]

Shortly thereafter, Plaintiffs filed a Motion to Alter or Amend the Judgment or, in the Alternative, For a New Trial (Fed. R. Civ. P. 59), asserting that the jury's finding that Plaintiffs were paid overtime wages is contrary to the evidence and, therefore, constitutes a manifest error of law or fact.[7] Defendant opposed the Motion, arguing that Plaintiffs' motion for a new trial under Rule 59(a) should be denied because Plaintiffs seek a new trial based upon an inconsistent jury verdict, which is more appropriately analyzed under Fed. R. Civ. P. 49, and that Plaintiffs had waived their objection to the inconsistent verdict by not objecting to the general verdict before the jury was dismissed.[8] On December 11, 2020, the Court issued an Order and Reasons, granting in part as modified and denying in part as moot the Motion to Alter or Amend the Judgment.[9] The Court held that under Rule 59(a), the jury's verdict was against the great weight of the evidence and that a new trial was warranted on all of the issues in this case.[10] As such, the Court set aside the jury verdict and ordered a new trial as to all issues.

On December 21, 2020, Defendant filed the instant Motion, asking this Court to certify its December 11, 2020 Order for an interlocutory appeal under 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3).[11] Defendant contends that

---

[5] R. Docs. 124, 125, 127, 129.
[6] R. Doc. 133.
[7] R. Doc. 134.
[8] R. Doc. 140 at p. 6.
[9] R. Doc. 145.
[10] *Id.* at p. 19.
[11] R. Doc. 149.

2

the December 11, 2020 Order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from the judgment may materially advance the ultimate termination of the litigation.[12] Defendant contends that whether this Court erred in rejecting its argument that Plaintiffs waived their request for a new trial under Fed. R. Evid. 49 is a controlling question of law because it is case dispositive.[13] Defendant also asserts that there is a difference of opinion as to the law that should have been applied to Plaintiff's motion – Rule 49 or Rule 59 – which warrants interlocutory review.[14] Defendant further claims that an immediate appeal would materially advance the ultimate termination of the litigation because if Defendant prevails, the lawsuit will end.[15] Finally, Defendant asserts that a stay pending the interlocutory appeal will further the interests of the Court, the parties and the public.[16]

Plaintiffs assert that the Motion should be denied because Defendant has failed to meet its burden of justifying immediate appellate review under 28 U.S.C. § 1292(b).[17] Plaintiffs argue that Defendant is merely re-urging the same argument that has already failed – that the Court should unilaterally convert Plaintiffs' prior Rule 59 motion into a Rule 49 motion and deny the motion. Plaintiffs assert that this request does not involve a controlling question of law because it is purely a procedural argument, and that there is no substantial ground for difference of opinion because

---

[12] R. Doc. 149-1.
[13] *Id.* at p. 6.
[14] *Id.*
[15] *Id.* at pp. 7-8.
[16] *Id.* at p. 8.
[17] R. Doc. 154.

Defendant's request is patently meritless. Plaintiffs further assert that granting an immediate appeal would not materially advance the ultimate termination of this case because an appeal would inevitably lead to a remand.[18]

## II. LAW AND ANALYSIS

The Court may certify an interlocutory order for immediate appeal if it finds that: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[19] The Fifth Circuit strictly construes the requirements of § 1292(b), and all three criteria must be met before the Court may certify an interlocutory appeal.[20] "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are "exceptional."[21] The Fifth Circuit has made clear that, "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment of liability."[22]

Here, the Court finds that Defendant has failed to make the required showing under § 1292(b) to warrant an interlocutory appeal of the Court's December 11, 2020 Order. Defendant has failed to show that the December 11, 2020 Order involves a controlling question of law to which there is a substantial ground for difference of opinion. Instead, Defendant offers only conclusory assertions that the Court's

---

[18] R. Doc. 154 at pp. 1-2.
[19] 28 U.S.C. § 1292(b).
[20] *Weams v. FCA US L.L.C.*, Civ. A. No. 17-4-RLB, 2019 WL 3812222, at *1 (M.D. La. July 9, 2019) (citing *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972)).
[21] *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).
[22] *Id.* at 68.

rejection of Defendant's argument regarding the applicability of Fed. R. Civ. P. 49 to Plaintiffs' Motion to Alter or Amend the Judgment is a controlling issue of law. The Court's December 11, 2020 Order, however, did not involve a controlling issue of law, as it involved an analysis of the facts based on the testimony and evidence submitted during the trial of this matter.[23]

The Court further finds that Defendant has failed to show a substantial ground for difference of opinion as to a controlling issue of law. As Plaintiffs correctly point out, Defendant merely disagrees with the Court's December 11, 2020 Order, which is insufficient to establish that there is a substantial ground for a difference of opinion.[24] As previously explained by this Court, "A substantial ground for difference of opinion exists if the circuits are in dispute on the question and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point . . . or if novel and difficult questions of first impression are presented."[25] Defendant has failed to point the Court to any dispute between the circuits regarding a question of law, asserting only that *counsel* in this case disagree as to the law applicable to Plaintiff's Motion to Alter or Amend the Judgment.[26] Defendant's argument is, therefore, misplaced and indicates a misunderstanding of the § 1292(b) criteria.

Because the Court has determined that Defendant has failed to show two of the three criteria that must be met before the Court may certify an interlocutory

---

[23] *See*, R. Doc. 145 at pp. 15-19.
[24] *Clark-Dietz and Associates-Engineers, Inc.*, 702 F.2d at 69.
[25] *Fairfield Royalty Co. v. Island Operating Co., Inc.*, Civ. A. No. 10-3446, 2011 WL 6140665, at *2 (E.D. La. Dec. 9, 2011) (quoting *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2011 WL 2443693 (E.D. La. 2011)) (internal quotation marks omitted).
[26] R. Doc. 149-1 at p. 6.

appeal under § 1292, Defendant's Motion must be denied. The Court need not address the third requirement that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

## III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Certify for Interlocutory Appeal[27] is **DENIED**.

New Orleans, Louisiana, April 27, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[27] R. Doc. 149.